## IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

FILED

**March 31, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

)
**LOIS DIANNE WINBUSH**,                )        Chester County Chancery Court
                                        )        No. 7797
    Plaintiff/Appellant.               )
                                        )
VS.                                     )        C.A. No. 02A01-9809-CH-00248
                                        )
**THOMAS DALE WINBUSH**,                )
                                        )
    Defendant/Appellee.                )
                                        )

_____

From the Chancery Court of Chester County at Henderson.
**Honorable Joe C. Morris, Chancellor**

**Angela R. Scott**, BISHOP, SCOTT & BISHOP, Henderson, Tennessee
Attorney for Plaintiff/Appellant.

**David Hardee**, HARDEE, MARTIN, JAYNES & IVY, P.A., Jackson, Tennessee
Attorney for Defendant/Appellee.

OPINION FILED:

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**LILLARD, J.**: (Concurs)

Lois Dianne Winbush (Wife) and Thomas Dale Winbush (Husband) were divorced in 1990. The parties entered into a marital dissolution agreement (MDA) which was incorporated into the final decree. As pertinent to this appeal, the parties agreed that Husband would pay child support in the amount of $200 per month for the parties' one minor child. The MDA further provided that

> [t]he amount to be paid by the Husband to the Wife for the support and maintenance of the minor child of the parties is based upon the Wife's employment at Grinnell and the Husband's present employment as a Supervisor with the Markham Company. Also, there is taken into consideration that the Wife is to be the owner of the former home of the parties and entitled to possession thereof, and the Husband's present physical condition.

Wife was awarded the marital home but, in the event she remarried, decided to reside elsewhere or sold the property, she agreed to pay Husband the sum of $10,000, representing his equity in the property as of the date of the execution of the agreement. Subsequent to executing the MDA, Wife executed a deed of trust to secure Husband for this indebtedness.

In April 1998 Wife filed a petition for contempt and modification of the final decree of divorce. Prior to filing the petition, Wife had attempted to refinance the loan on the residence but was unable to do so because of the deed of trust held by Husband. According to Wife's testimony, Husband refused to release or subordinate the deed of trust. Husband testified that he was not aware of the deed of trust until it was presented at trial. Wife identified the deed of trust at trial, but it was not made an exhibit.

The petition sought to have Husband held in contempt for failure to make timely child support payments and asked the trial court to modify the decree by increasing child support payments to conform with the child support guidelines. Wife further requested that the court issue an order directing Husband to immediately remove his lien on the former marital home. The trial court denied the relief sought therein, and this appeal resulted.

The issues as presented by Wife on appeal are as follows:

I.      The trial court erred in failing to adjust the child support obligation of appellee.

II.    The trial court erred in failing to order appellee to release the deed of trust filed against property awarded to appellant in original divorce action.

Addressing the second issue first, it appears to this court that, if Wife has a cause of action for removal of the deed of trust, it would be the subject of an action separate and apart from the present action, such as a bill to rescind or to quiet title. As stated, Wife executed the deed of trust subsequent to the divorce, and she was not required to do so by the MDA or the divorce decree. Inasmuch as the final divorce decree neither imposed a lien on the former marital home nor required Wife to execute a deed of trust, we do not view the relief sought by Wife on this issue to be the proper subject of a modification or enforcement action.

The burden of proof is upon the party seeking a modification of child support to show such change as warrants a modification of the prior decree. *Seal v. Seal*, 802 S.W.2d 617, 620 (Tenn. App. 1990); *Azbill v. Azbill*, 661 S.W.2d 682 (Tenn. App. 1983). The only evidence presented by Wife was elicited through cross-examination of Husband and established that his wage is $12.50 per hour. The record does not contain the number of hours he works. Husband also testified that he has a second job cutting grass which nets about $350. It was not established whether this was a weekly, monthly, or yearly amount. Husband testified that he is making less now than he was at the time of the divorce. However, Husband's attorney stated in his opening statement that, at the time of the divorce, Husband was making $725 per week and is now making under $600. He did not specify whether these figures were net or gross. An admission made by an attorney concerning factual statements is binding on the client. *Garland v. Seaboard Coastline RR Co.*, 658 S.W.2d 528, 531 (Tenn. 1983); *Pewitt v. Pewitt*, 240 S.W.2d 521, 527 (Tenn. 1951); *Pankow v. Mitchell*, 737 S.W.2d 293, 296 (Tenn. App. 1987).

A divorce decree is *res judicata*. On application of a party, however, the court may decree an increase or decrease of support only upon a showing of a substantial and material change of circumstances. In cases involving child support, the court shall decree an increase or decrease when there is found to be a significant variance, as defined by the child support guidelines, between

the guidelines and the amount of support currently ordered, unless the variance has resulted from a previously court-ordered deviation from the guidelines and the circumstances which caused the deviation have not changed. T.C.A. § 36-5-101(a)(1) (Supp. 1998). A "significant variance" is fifteen percent (15%). *See* Tenn. Comp. R. & Regs. 1240-2-4-.02(3) (as revised in Dec. 1994).

Husband relies upon T.C.A. § 36-5-101(h), which states:

> Nothing in this section shall be construed to prevent the affirmation, ratification and incorporation in a decree of an agreement between the parties as to support and maintenance of a party or as to child support. In any such agreement, the parties must *affirmatively acknowledge* that no action by the parties will be effective to reduce child support after the due date of each payment, and that they understand that court approval must be obtained before child support can be reduced, unless such payments are automatically reduced or terminated under the terms of the agreement.

T.C.A. § 36-5-101(h) (Supp. 1998) (emphasis added).

This court addressed this issue in *Dwight v. Dwight*, 936 S.W.2d 945 (Tenn. App. 1996). There the court noted that neither the parties' marital dissolution agreement nor the final decree used the language contained in the above section of the statute. In the case before us, neither the MDA nor the final decree used the language contained in the statute. This court in *Dwight* held that

> the agreement does not effectively deviate from the Guidelines under T.C.A. § 36-5-101(h). Therefore, deviation requires the trial court make a written finding that the Guidelines would create an unjust or inappropriate result. T.C.A. § 36-5-101(e)(1). No such finding was made at the time the final decree of divorce was entered. Finally, there is a rebuttable presumption in this state that the amount of support established by the Guidelines is proper; there is no requirement that the obligee spouse prove that the children's needs are equal to the amount provided for in the Guidelines. T.C.A. § 36-5-101(e)(1).

*Id*. at 948. Again like *Dwight*, the final decree of divorce entered in this case made no such findings, and it is apparent that Husband's income at that time, regardless of whether the $725 per week was net or gross, would constitute a deviation from the guidelines. Furthermore, assuming that his

present income of $600 is net, there still would be a significant variance between the amount provided in the guidelines and the $200 per month child support ordered to be paid at the time of the divorce.

We reverse the order of the trial court denying Wife's petition to increase child support and remand this case to the trial court to conduct an expedited hearing and modify the parties' final decree to comply with the guidelines, or to make a written explanation for its deviation. The trial court's judgment is otherwise affirmed. Costs of this appeal are taxed to Mr. Winbush, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)