# IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

_____

<table>
<tr><td>

**KRISTA B. MILLER (SANDERS)**,

   Plaintiff/Appellant.

VS.

**FREDERICK H. MILLER**,

   Defendant/Appellee.

</td><td>

)
)
)
)
)
)
)
)
)
)
)

</td><td>

Henry County Chancery Court No. 16074

C.A. No. 02A01-9809-CH-00271

**FILED**

**May 21, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

</td></tr>
</table>

_____

From the Chancery Court of Henry County at Paris.
**Honorable Walton West, Chancellor**

**Richard L. Dunlap, III**, THE DUNLAP LAW FIRM, Paris, Tennessee
Attorney for Plaintiff/Appellant.


**W. Brown Hawley, II**, Paris, Tennessee
Attorney for Defendant/Appellee.

OPINION FILED:

**AFFIRMED AND REMANDED**


                                           **FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**LILLARD, J.**: (Concurs)

1

Judgment was entered dissolving the marriage of these parties on November 22, 1995. A marital dissolution agreement entered into by the parties was incorporated into the decree. The MDA provided that Ms. Sanders would have custody of the parties' minor child with Mr. Miller to pay child support. No provision was made regarding which party would be entitled to claim the child as a dependent for federal income tax purposes. The judgment provided reasonable visitation privileges to Mr. Miller.

Subsequent to the entry of the judgment granting the divorce, various motions were filed by the parties concerning visitation and child support. On November 24, 1997, Mr. Miller filed a motion asking the court to establish specific visitation and also to allow him to claim the child as a dependent for federal income tax purposes. Ms. Sanders filed a motion in December 1997 seeking to increase child support.

An order was entered in the trial court on September 2, 1998, disposing of several pending motions. The order included an increase in child support due to Mr. Miller's additional income, addressed visitation, and further provided that the parties shall alternate claiming their minor child as a dependent for income tax purposes with Mr. Miller having the right to claim the child on his 1998 income tax return and Ms. Sanders the year thereafter with subsequent years to be alternated.

Ms. Sanders presents the following issue in this appeal:

Wheth er the Trial Court erred in determ ining o r

2

ordering "that the parties shall alternate claiming the parties' minor child, Brittany Miller, as a dependent for income tax purposes, with the defendant having the right to claim the

3

child as a dependent on his 1998 income tax return and the plaintiff having the right to claim the child as a dependent on her income tax return for the year thereafter, with

4

succee

d i n g

y e a r s

thereaf

ter to

b      e

alternat

ed."

Ms. Sanders contends that the trial court lacked jurisdiction to modify the final decree absent the movant, Mr. Miller, showing a substantial and material change of circumstances. A judgment, unless appealed, becomes final once thirty days has elapsed. A final judgment is barred from further consideration under the doctrine of *res judicata*. This means that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. The doctrine applies to all issues which were or could have been litigated in the former suit. *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995).

Mr. Miller takes the position before this court that the trial court had jurisdiction to rule on the tax exemption since that matter had not been dealt with previously, and that the filing of Ms. Sanders' motion for an increase in child support gave the trial court an opportunity to consider all issues involving child support.

Pursuant to the Tax Reform Act of 1984, the Internal Revenue Code allocates the deduction to the custodial parent. *See* 26 U.S.C.S. § 152(e)(1) (1998). This rule is subject to three exceptions, one being where the custodial parent has released his or her claim for the exemption. Under this exception, the noncustodial parent may be entitled to the

exemption if the custodial parent signs a written declaration that the custodial parent will not claim the child as a dependent and the noncustodial parent attaches such written declaration to his or her tax return. *See* 26 U.S.C.S. § 152(e)(2) (1998). The divorce court may order the custodial parent to sign a declaration that he or she will not claim the child as a dependent in order to allow the noncustodial parent to claim the exemption. W. Walton Garrett, ***Tennessee Divorce, Alimony and Child Custody*** § 27-5 (1998).

The order of September 2, 1998, sets forth several stipulations announced in open court by counsel for the respective parties. The parties stipulated that Mr. Miller has enjoyed an increased wage rate since the previous order entered in this cause establishing child support. He has enjoyed an hourly wage rate of $11.25 since December 8, 1997, and $11.75 since May 1, 1998. Mr. Miller initially was ordered to pay child support in the amount of $273 per month. We are of the opinion that the filing by Ms. Sanders of a request to increase child support gave the trial court jurisdiction to reexamine that issue. The parties stipulated as to Mr. Miller's increase in income, and the trial court increased the amount of child support Mr. Miller was required to pay. Decisions of the trial court regarding the allocation of exemptions for minor children are discretionary. ***Barabas v. Rogers***, 868 S.W.2d 283, 289 (Tenn. App. 1993); ***Thompson v. Thompson***, 1990 WL 16312, at *6 (Tenn. App. Feb. 23, 1990). The courts should consider the tax consequences of child support orders. ***Barabas***, 868 S.W.2d at 289. We do not find that the trial court abused its discretion in allowing the parties to claim the exemption on alternate years.

We are mindful of the fact that the General Assembly amended Tennessee Code Annotated section 36-5-101(a)(1) in 1994. Prior to that amendment, an increase in income was a substantial and material change of circumstances sufficient to allow a modification of child support. ***See Ragan v. Ragan***, 858 S.W.2d 332, 333 (Tenn. App. 1993). The statute now provides in pertinent part that:

> In cases involving child

6

support, upon application of either party, the court shall decree an increase or decrease of such allowance when there is found to be a significant variance, as defined in the child support guidelines established by subsection (e), between the guidelines and the amount of support currently ordered unless the variance has resulted from a previously court-ordered deviati

on from the guidelines and the circumstances which caused the deviation have not changed.

T.C.A. § 36-5-101(a)(1) (Supp. 1998). A "significant variance" is fifteen percent. *See* Tenn. Comp. R. & Regs. 1240-2-4-.02(3) (as revised in Dec. 1994); *see also Dwight v. Dwight*, 936 S.W.2d 945, 948 (Tenn. App. 1996); *Turner v. Turner*, 919 S.W.2d 340, 343 (Tenn. App. 1995). The record before us does not reveal Mr. Miller's income at the time of the previous order setting child support; however, the record does reveal that his child support payments were increased from $273 per month to $345 per month. Neither party has appealed the amount of child support awarded. After announcing the stipulation, counsel for both parties agreed that the sole issue left to be determined by the trial court was which party could claim the child for the tax exemption.

It results that the judgment of the trial court is affirmed, and this cause is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to Appellant, for which execution may issue if necessary

_____

FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

8

_____
LILLARD, J. (Concurs)