# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

MARSHA McDONALD,

        Plaintiff/Appellee,

VS.

SAMUEL CLINTON COWAN,

        Defendant/Appellant.

Shelby Circuit No. 138240 R.D.

Appeal No. W1998-00730-COA-R3-CV

**FILED**

**January 19, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE
THE HONORABLE JOHN R. McCARROLL, JR., JUDGE

**STEPHEN R. LEFFLER**
Memphis, Tennessee
Attorney for Appellant

**STEVAN L. BLACK**
**VICKIE HARDY JONES**
Memphis, Tennessee
Attorneys for Appellee

**VACATED AND REMANDED**

                                            **ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

Samuel Cowan appeals from two orders of the Circuit Court of Shelby County which set the amount of child support arrearages owed by Mr. Cowan. For the reasons stated herein, we vacate the judgment of the trial court and remand the case for further proceedings.

# I. Facts and Procedural History

Samuel Clinton Cowan ("Appellant") and Marsha McDonald[1] ("Appellee") were divorced by final decree entered on June 24, 1992. The parties had previously entered into a Marital Dissolution Agreement ("MDA") with the goal of "adequately and sufficiently provid[ing] for the care, custody and maintenance of the parties minor children." The MDA was filed with the court on February 25, 1992, and incorporated into the final decree of divorce. The portions of the MDA relevant to this appeal are as follows:

> 5. The Husband shall pay to the Wife for the support and maintenance of the minor children, the sum of One Thousand Dollars ($1,000.00) per month in two equal payments, one on or before the first day of each month and the other on or before the fifteenth day of each month. Said payments shall continue in accordance with the provisions of T.C.A. 34-1-101. Said payments shall be automatically increased on March 1, 1993 and on every March 1, thereafter, by either 1) the percentage by which the Consumer Price Index has risen for the calendar year immediately preceding, as promulgated by the U.S. Department of Labor, or 2) thirty-two percent (32%) of any net increase in Husband's income, whichever is greater.

> 6. As additional child support the Husband shall pay to the Wife thirty-two (32%) of his net commissions. These additional sums shall be paid by the Husband within five (5) days of his receipt of any such commissions.

> 7. For purposes of this Agreement, "net" shall have reference to the Husband's gross salary or commissions as reduced by withholding for FICA and federal income taxes for a single taxpayer with no dependants.

> 8. It is agreed that the monthly child support payments shall be capped at Three Thousand Dollars ($3,000.00) as increased by any applicable Consumer Price Index increases, as set forth in Paragraph 5.

On June 16, 1993, Ms. McDonald filed a petition for scire facias, seeking to hold Mr. Cowan in contempt for violating the terms of the MDA. Specifically, she alleged that Mr. Cowan was "seriously in arrears" in his child support payments because he had not paid the thirty-two percent (32%) of his net commissions as the parties had agreed.

On June 30, 1993, a hearing on the petition for scire facias was held in the Circuit Court of Shelby County. The court entered an order on January 3, 1994, awarding Ms. McDonald $8, 033.37. The award consisted of: $1,522.55 as arrearages of child support for 1992; $4,510.82 as arrearages for child support due from Mr. Cowan from January 1, 1993 through July 30, 1993; and $2,000 for attorney's fees and other expenses incurred by Ms. McDonald in the prosecution of the case. In addition to the monetary judgment, the order also undertook to interpret paragraphs 5, 6, 7 and 8 of the MDA. In relevant part, the order states:

---

[1] McDonald is the current name of the former Mrs. Samuel Cowan.

(a)     Paragraph 5 of the Marital Dissolution Agreement requires the defendant to pay to the plaintiff as base child support a minimum of $1,000 per month to be increased each March in accordance with any increase in the Consumer Price Index for All Urban Consumers (hereinafter the "CPI") with the CPI in March 1992 to be the base year. The Court finds that as a result of the increase in the CPI in March 1993, defendant's Current minimum child support is $1,030.90 per month until march 1994, at which time it will be increased in accordance with any increase in the CPI or any increase in defendant's base salary, whichever is greater.

(b)     Paragraph 6 of the Marital Dissolution Agreement requires the defendant to pay to the plaintiff additional child support in an amount equal to 32 percent of the defendant's net commissions as defined by paragraph 7 of the Marital Dissolution Agreement, said additional support to be paid within five days after defendant's receipt of the commission, as provided in paragraph 6 of the Marital Dissolution Agreement.

(c)     Paragraph 8 of the Marital Dissolution Agreement, which purports to cap the defendant's child support obligation at $3,000 per month as increased by the CPI, is interpreted by the Court to create a Maximum annual child support obligation of $36,000 per year, as increased in March of each year in accordance with any increase in the CPI. The Court interprets the agreement not to create a maximum monthly obligation, but, rather, a maximum annual obligation. Thus, based on the CPI as of March 1, 1993, defendant's maximum annual child support obligation from March 1, 1993, to February 28, 1994, shall be $37,112.40 per year. Defendant's maximum child support obligation for the calendar year 1993 shall be $36,927.

Finally, the order also required Mr. Cowan to furnish copies of all his paycheck stubs and commission statements so that Ms. McDonald could determine whether the proper amount of child support was being paid.

On January 5, 1998, Ms. McDonald filed a "[p]etition for scire facias and citation for civil and criminal contempt, to reduce arrearage to judgment and for attorneys' fees." This petition alleged that Mr. Cowan had failed to pay the proper amount of child support. The petition also alleged that Mr. Cowan had failed to provide evidence of his income as previously ordered by the court. Id. On June 18, 1998, Ms. McDonald filed an amended petition for scire facias through which she asked the court to also set arrearages for 1998.

A hearing was held upon the original and amended petitions for scire facias. By order dated August 14, 1998, the trial court announced its decision. In regards to the MDA, the court stated:

The term 'income' in paragraph five of the parties' Marital Dissolution Agreement includes all sources of income set forth in the Tennessee Child Support Guidelines. Further, the subsequent order of this Court identifying the basis of Defendant's child support obligation as 'base salary' and 'commissions' did not serve to modify or amend Defendant's obligation to pay child support based on his 'income.'[2]

---

[2] The court found it necessary to interpret the word "income" due to the structure of Mr. Cowan's compensation package. When the MDA was originally signed, Mr. Cowan's compensation consisted of a base salary and commissions. However, after changing jobs several times, Mr. Cowan's compensation consisted of base salary, commissions, and a recoverable draw. Mr. Cowan characterized the recoverable draw component as a loan, which he would be required to pay back out of future commissions. Ms. McDonald takes the position that the recoverable draw was merely an attempt to hide income, as Mr. Cowan never actually paid any money back to his employer. The question is whether this recoverable draw constitutes

The trial court then set the arrearages at $26,3000.71, plus interest at the statutory rate of twelve percent (12%). The court also awarded Ms. McDonald $10,361.70 in fees and expenses because she was forced to bring suit to prove the arrearages. Id. The court entered a subsequent order on September 23, 1999, which awarded Ms. McDonald $11,441.53 as arrearages for the period of January 1, 1998 through May 31, 1998.

Mr. Cowan filed a separate notice of appeal as to both the August 14th and September 23rd orders. The two appeals were consolidated for consideration by this court.

## II. Law and Analysis

The issue in this case, as framed by both parties, is whether the trial court erred in modifying the terms of the Marital Dissolution Agreement.[3] Apparently, the trial court fixed the child support arrearages by calculating thirty-two percent (32%) of Mr. Cowan's net income.[4] We use the word apparently because the record is not clear as to the exact method of calculation employed by the trial court. However, the briefs of the respective parties concede that the trial court set the arrearages based upon 32% of Mr. Cowan's net income. Specifically, Ms. McDonald's brief states, "it [the trial court] properly found that the parties intended that Mr. Cowan pay child support on thirty-two percent (32%) of all of his income."[5] Assuming that this was, in fact, the trial court's ruling, as the parties seem to agree, the question for this court is whether that decision can stand.

The MDA which Mr. Cowan and Ms. McDonald executed sets out a bifurcated method for calculating Mr. Cowan's child support obligation. The agreement provided for a minimum monthly payment of one thousand dollars ($1,000.00). That amount was to be

---

"income," as that term is used in the MDA. We understand the trial court to have answered that question in the affirmative, and we find no error in that determination.

[3] After reading Mr. Cowan's brief, it is clear to this court that he also takes exception to the trial court's determination as to what constitutes "income." We find no error in the trial court's decision in that regard. Also, Mr. Cowan makes references to the fact that he is paying tuition for his children's private school education. Those payments are not considered child support and will have no bearing on our consideration of the present appeal. See Dwight v. Dwight, 936 S.W.2d 945, 950 (Tenn. Ct. App. 1996)(noting that payment of private school tuition does not constitute child support under the Guidelines.)

[4] The thirty-two percent figure comes from the Child Support Guidelines minimum support requirement for two children. Tenn.Comp.R. & Regs. r. 1240-2-4-.03(5).

[5] Also, Ms. McDonald, in her second petition for scire facias, states the following: "His net income, calculated in accordance with the Tennessee Child Support Guidelines, was $93,865.81. Thus, for two children, he had a child support obligation of $30,037.06." These calculations are based on a flat 32% percent rate. Therefore, Ms. McDonald, at that point, had apparently abandoned the bifurcated child support formula contained in the MDA in favor of the flat percentage rate.

4

increased in March of each year. The payment was to be increased by *either* the percentage by which the Consumer Price Index ("CPI") had risen in the preceding year *or* thirty-two percent (32%) of any net increases in Mr. Cowan's "income," whichever was greater.[6] Additionally, Mr. Cowan agreed to pay thirty-two percent (32%) of his net commissions as child support. Although the language of the MDA seems entirely clear, the trial court appears to have completely abandoned the agreement between the parties. Instead of a bifurcated method of calculation, Ms. McDonald requested, and the trial court imposed, a child support obligation on Mr. Cowan based on a flat percentage of his net income. Such action on the part of the trial court presents two questions. The first is whether the original agreement between the parties, embodied in paragraphs five through eight of the MDA, is enforceable as the basis for calculating Mr. Cowan's child support obligation. Assuming an affirmative answer to the first question, the second question is whether the trial court was free to replace the bifurcated formula with the straight percentage method of calculation. We will deal with each question in turn.

The Tennessee Child Support Guidelines, Tenn.Comp.R. & Regs. tit. 10, ch. 1240-2-4-.01 *et seq.* ("Guidelines"), promulgated by the Tennessee Department of Human Services, provide a *minimum* base for determining child support obligations. Tenn.Comp.R. & Regs. r. 1240-2-4-.02(5)(emphasis added). In the present case, the respective parties negotiated an MDA which provided the formula for determining Mr. Cowan's child support obligation. The parties concede, and the trial court found, that the formula contained in the MDA would produce support that "adequately and sufficiently provides for the care, custody and maintenance of the parties' two minor children." As the Guidelines only purport to create a minimum child support obligation, we find it entirely permissible for the parties to enter into an agreement which provides a method of calculating child support that is different from the percentage type mechanism contemplated in the Guidelines. See Tenn.Code Ann. § 36-5-101(h) (1996)("Nothing in this section shall be construed to prevent the affirmation, ratification and incorporation in a decree of an agreement between the parties as to support and maintenance of a party or as to child support.") The only limitation to that right is the court's responsibility to insure that the children are adequately maintained. In that regard, the Child Support Guidelines provide the relevant standard.

_____

[6] We have previously noted that there was a dispute as to what is covered by the word "income." Specifically, the parties disagreed as to whether the recoverable draw component of Mr. Cowan's compensation should have been included as income. We believe that the trial court resolved this dispute and we will not disturb that decision.

5

Having determined that the parties are not precluded from agreeing to a method of calculating child support, we must turn to the question of whether the trial court was free to change that method of calculation. Although there may be circumstances which would allow a trial court to exercise such power, we find that the present case does not present such a situation. Ms. McDonald never filed a motion to modify, nor did she ever allege a material change in circumstances. As such, we find that the trial court exceeded its authority when it changed the method of calculating child support. The trial court should have enforced the provisions of the MDA. Accordingly, this case should be remanded so that the trial court can calculate any arrearages, as determined by the bifurcated formula contained in the Marital Dissolution Agreement

Finally, pursuant to paragraph 37 of the Marital Dissolution Agreement, Mr. Cowan is required to pay Ms. McDonald's attorney fees and reasonable litigation costs for any judicial action taken by Ms. McDonald to enforce the provisions of the MDA. If, on remand, it is determined that arrearages are due Ms. McDonald, Mr. Cowan shall be liable for such attorney fees and costs incurred by Ms. McDonald in pursuing those arrearages. However, Mr. Cowan is not liable to Ms. McDonald for attorney fees incurred on this appeal.

### III. Conclusion

For the foregoing reasons, we vacate the judgment of the trial court and remand the case for further proceedings. Costs of this appeal are taxed one-half to the appellant, Samuel Clinton Cowan, and one-half to the appellee, Marsha McDonald, for which execution may issue if necessary.


_____
HIGHERS, J.


CONCUR:


_____
FARMER, J.


_____
LILLARD, J.

6