IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 29, 2000 Session

## NANCY ELIZABETH CHURCHILL NICHOLS v. HOWARD BERKLEY NICHOLS

**An Appeal from the Chancery Court for Shelby County**
**No. 25893-1 R.D.     Walter L. Evans, Chancellor**

_____

**No. W1999-00566-COA-R3-CV - Filed January 30, 2001**

_____

This is a post-divorce action on modification of child support.  The parties' original divorce decree required the father to pay child support and, in addition, pay the private school tuition of one of the parties' children.  Months later, the father filed a petition to eliminate his obligation to pay the tuition.   The trial court referred the issue to a referee, issued an order consistent with the referee's ruling, and then later  set it aside.  The trial court then referred the issue to a special master for findings of fact.  Adopting the findings of the special master, the trial court eliminated the father's obligation to pay the child's private school tuition.  The mother appeals, arguing that there was not a significant variance justifying modification of the child support award.  We reverse, finding that the basis for the trial court's modification were facts that were before the trial court at the time of the initial award, and that there are no facts in the record sufficient to support modification.

**Tenn. R. App. P. 3; Judgment of the Chancery Court is Reversed and Remanded.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J. joined.

Dennis J. Sossaman, Memphis, Tennessee, for the Appellant Nancy Elizabeth Churchill Nichols

Howard Berkley Nichols, *Pro se*

**OPINION**

This is a post-divorce action on modification of child support.  Plaintiff/Appellant Nancy Elizabeth Nichols ("Mother") and  Defendant/Appellee Howard Berkley Nichols ("Father") were married approximately seven years and have two minor children, Jacob and Shelby.  Jacob was born in 1993 and Shelby was born in 1991.  On June 25, 1997, Father was granted a divorce from Mother in Davis County, Utah.  By the time the final decree was entered, Father had moved to Mississippi and Mother had moved to Shelby County, Tennessee.  Consequently, the Utah trial court concluded

that the "Chancery Court of Shelby County, Tennessee, [was] a convenient forum for the parties to resolve issues of child custody, child support, and related questions."

On April 28, 1998, the Tennessee trial court entered an order requiring Father to pay $1,067 monthly in child support and, as additional child support, $330 monthly for private school tuition for Shelby. The child support award was based on Father's Rule 15(d) memorandum, which listed Father's gross monthly income at $3963.16. The Rule 15(d) memorandum also listed, as both an asset and as a liability, a $7000 Permanent Change of Station ("PCS") loan[1] from the government, incurred by Father when the United States Air Force transferred him from Utah to Columbus, Mississippi. Father testified he transferred to the base in Mississippi in order to be closer to his children. In its child support order, the trial court found that Father had the ability to pay for Shelby's private school tuition and ordered him to pay the private school tuition until "further orders of the court." The final divorce decree and the original child support order were issued by Chancellor Neal Small. Subsequently, Chancellor Walter Evans was elected, replacing Chancellor Small. All remaining proceedings were before Chancellor Evans.

Eight months after the initial child support order by Chancellor Small, Father filed a motion under Rule 59 of the Tennessee Rules of Civil Procedure to alter, amend, or vacate the judgment. In his motion, Father asked Chancellor Evans to alter the child support order by Chancellor Small to eliminate Father's obligation to pay Shelby's private school tuition. Father claimed that his monthly income had been reduced since the original order and that he could no longer afford to pay the tuition. Chancellor Evans denied a remedy under Rule 59.04, but allowed the motion to proceed as a petition to modify the original child support order. The trial court then referred the motion to a divorce referee, instructing the referee to make a finding as to Father's income and obligations as of the date of the divorce in 1997 from the Utah court, the date of the entry of the final decree in 1998 in Tennessee, as well as Father's income at the time of the referral. After a hearing, the Referee found that there had been neither a change in circumstances nor a significant variance to justify modification. The trial court issued an order consistent with the Referee's findings, and ordered Father to continue to pay Shelby's private school tuition.

Father then filed a motion with the trial court appealing the Referee's ruling. Father argued that he was now subjected to a withholding order and a wage assignment order, circumstances which did not exist at the time of the hearing for the initial child support order. He also noted that he would now be responsible for private school tuition for Jacob as well as Shelby, because Jacob would be starting school in Fall 1999. The trial court set aside its earlier order that was consistent with the ruling of the Referee and referred the matter to a special master to make "specific findings and recommendations" regarding Father's income and obligations.

Based on Father's revised Rule 15(d) memorandum, the Special Master found that the original child support order by Chancellor Small had not taken into consideration Father's reasonable

---

[1] In the Rule 15(d) memorandum, the PCS loan is listed under marital assets as a checking account balance of $5913.75 and as a marital liability of the same amount.

living expenses and his repayment of the PCS loan, which had been "exhausted in payment toward alimony and support obligations and other expenses." Father's revised Rule 15(d) memorandum listed Father's monthly income and expenses for the three periods listed in the trial court's order of reference to the Referee. In addition to the expenses listed in his original 15(d) memorandum, Father included alimony, attorney's fees, "savings for airline employment," "anticipated moving expenses," and the amount set forth in the withholding order as expenses in the revised memorandum. The Special Master found that, although Father's gross monthly income had increased since the final decree, his monthly expenses had also increased, resulting in a deficit cash flow since the date of the divorce. Consequently, the Special Master recommended that Father's obligation to pay Shelby's private school tuition be eliminated. Mother filed an exception to the Special Master's ruling, arguing that there had been no significant variance in Father's income since the entry of the final divorce decree.

The trial court held a hearing on the Special Master's report and Mother's exception to it. At the hearing, Mother argued that the Special Master applied the incorrect standard in making his ruling that a decrease in the amount of child support was warranted. She contended that the Special Master did not determine whether there was a significant variance between the amount of Father's income at the time of the original order and his income at the time of the Special Master's hearing, as required by § 36-5-101(a)(1) of Tennessee Code Annotated. Rather, Mother asserted that the Special Master based his decision on what he found to be a change in circumstances from the original order by Chancellor Small. She maintained that the Special Master's conclusion that the original child support award by Chancellor Small failed to take into account Father's personal living expenses or the PCS loan was in error because both expenses were listed on Father's original Rule 15(d) memorandum. Father testified at the hearing that he had been operating under a deficit since the final divorce decree. He asserted that his monthly support obligations alone, excluding his other expenses, have exceeded his net pay by $500 due to withholding order and wage assignment that had been issued against him. This negative cash flow results in Father being unable to pay off any of his $40,000 in debts. Father testified that his increase in income can be attributed to his repayment of the PCS loan he took out to meet personal expenses in anticipation of his pending divorce.

After the hearing, the trial court found that the referee failed to make a comparison of Father's income as required in the order of reference and that the referee failed to take into account all of Father's income and expenses in considering Father's petition to modify. The trial court also found that the record did not support the prior Chancellor's initial deviation from the Guidelines, increasing the amount of support and requiring Father to pay private school tuition. Consequently, the trial court limited Father's obligation for child support to the amount specified by the Tennessee Department of Human Services Guideline Percentages ("the Guidelines") and eliminated his obligation to pay the children's private school tuition. From this order, Mother now appeals.

On appeal, Mother contends that there is no evidence of a change in Father's economic situation substantial enough to justify the elimination of Father's obligation to pay Shelby's private school tuition. Mother maintains that all of the information utilized by the trial court in its determination that Father could not afford the private school tuition payments was before the trial

court at the time of Chancellor Small's initial determination of child support. In addition, Mother notes that Father's income has increased since the initial child support award.

Father argues that modification of the child support award was appropriate in light of his changed circumstances. Father asserts that, in making the original award, the trial court considered the PCS loan as "income" upon which an award of child support could be made. He argues that he now has the expense of repaying the loan, as well as expenses relating to a job search, obtaining training associated with changing careers, relocation costs, and the financial pressure associated with a negative cash flow and the inability to furnish funds for personal expenses. Father maintains that he intended for Shelby to attend private school for only one year and does not want her to continue attending private school.

Our review of this case is governed by Rule 13(d) of the Tennessee Rules of Appellate Procedure, which provides that the review of findings of fact by the trial court shall be *de novo* upon the record of the trial court, accompanied by a presumption of correctness in the factual findings, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); ***Union Carbide Corp. v. Huddleston***, 854 S.W.2d 87, 91 (Tenn. 1993).

Under Tennessee Code Annotated § 36-5-101(a)(1) an increase or decrease in an award of child support is appropriate when there is a significant variance between the Guidelines and the support currently offered. If there is a previously ordered deviation from the Guidelines, the child support order may be modified if there is a change in the circumstances which were the basis for the deviation. Tenn. Code Ann. § 36-5-101(a)(1)(Supp. 1999); ***Turner v. Turner***, 919 S.W.2d 340, 343 (Tenn. Ct. App. 1995), perm. to appeal denied Feb. 26, 1996. Private school tuition is not provided for in the Guidelines; it is considered an extraordinary educational expense. Courts may deviate from the Guidelines and adjust child support upward to include private school tuition. ***Dwight v. Dwight***, 936 S.W.2d 945, 950 (Tenn. Ct. App.1996).

In this case, the initial award of child support included an upward deviation from the Guideline amount of child support. This initial order was not appealed. Father subsequently sought to have this initial order modified, and his motion for modification was granted. Therefore, the issue on appeal is whether there has been a significant variance in the circumstances which supported the previously-ordered deviation from the Guidelines. Tenn. Code Ann. § 36-5-101(a)(1)(Supp. 1999); ***Turner***, 919 S.W.2d at 343.

Father's original Rule 15(d) memorandum, submitted prior to the initial order of child support, included the PCS loan, the amount of Father's personal living expenses, and his relocation expenses to be near the parties' children. These are all items which Father now asserts demonstrate a significant variance in the circumstances upon which the original deviation was based, and which Father argues support the trial court's modification of the original award. However, all of these factors were before Chancellor Small when he made the decision to order Father to pay Shelby's private school tuition. Since these items existed at the time of the initial award and were before the

trial court when the deviation from the Guidelines was originally ordered, they cannot now provide the basis for a modification of that award.

Father also asserts that his decision to leave the Air Force, and the expenses he incurred and which will be incurred in preparation for leaving, are a significant variance sufficient to support the modification of the support award. While such expenses could provide a basis for modifying a prior child support award, the record before this Court includes nothing demonstrating that Father's decision was made after the divorce, that expenses were actually incurred from his decision, or that Father's decision to leave the Air Force and the concomitant expenses were the basis of his petition to modify. Moreover, the trial court did not base its modification of the original child support award on Father's decision to leave the Air Force, but rather on its finding that there was not sufficient support in the record for the initial deviation from the Guidelines. Consequently, we must reverse the trial court's modification of the child support award eliminating Father's obligation to pay Shelby's private school tuition. This does not preclude Father from now filing a petition to modify the child support award based on his decision to leave the Air Force and the associated expenses.

The decision of the trial court is reversed and remanded for proceedings consistent with this Opinion. Costs are taxed to the Appellee Howard Berkley Nichols and his surety, for which execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE

-5-