IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 12, 2008

## STATE OF TENNESSEE ex rel. MARY LOTT
v.
## ERNEST LOTT, III

**Appeal from the Chancery Court for Haywood County**
**No. 11742    George R. Ellis, Chancellor**

---

**No. W2007-02443-COA-R3-CV - Filed October 6, 2008**

---

This appeal involves the payment of child support in a Title IV-D proceeding. The parents of the minor child were divorced, and the father was ordered to pay child support. In a contempt hearing, the father was found to have a substantial arrearage on his support obligation. Two years later, the State filed a petition on behalf of the mother for contempt and for modification of the child support order. The petition alleged that the father's arrearage was unchanged. A child support worksheet submitted at the hearing showed the father's child support obligation. The mother testified, however, that the father had been paying money directly to her for the benefit of the child. Based on the mother's testimony, the trial court reduced the father's monthly child support obligation to zero. Both of the parents testified that the father had paid a significant portion of the arrearage directly to the mother. The trial court credited the father for the amount that he had purportedly paid directly to the mother and reduced the remaining arrearage to a judgment. The State appeals, arguing that the trial court was required by statute to have the father pay his current support obligation through the Department of Human Services, rather than directly to the mother, and that the trial court was prohibited from crediting the father for payments on the arrearage made directly to the mother, rather than through DHS. We agree, and reverse the trial court's order in part and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed in Part, Reversed in Part, and Remanded.**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., joined; W. FRANK CRAWFORD, J., not participating.

Robert E. Cooper, Jr., Attorney General and Reporter, and Warren Jasper, Assistant Attorney General, Nashville, Tennessee, for the appellant, State of Tennessee *ex rel.* Mary Lott

Ernest Lott, III, appellee, pro se (no brief filed)

# MEMORANDUM OPINION[1]

Mary Lott ("Mother") and Ernest Lott, III ("Father") were divorced in October 1998 in the Haywood County Chancery Court. Under the divorce decree, Father was ordered to pay child support. Father failed to meet his child support obligation, and on December 8, 2005, he went before the Chancery Court on a petition for contempt. During that hearing, he was given a credit for $4,396.00 in payments made directly to Mother. Even with this credit, Father was found to be in arrears for a total of $19,115.68. At some point thereafter, Mother apparently either began receiving public assistance or applied for Title IV-D assistance.

On August 27, 2007, proceeding under the authority granted pursuant to Tennessee Code Annotated § 71-3-124(c)(2),[2] Maximus, Inc., *ex rel.* Mother filed a petition in the Haywood County Chancery Court against Father. The petition alleged that Father was in contempt for failing to pay either his ongoing child support obligation or the arrearage. The petition noted that Father had previously been ordered to pay $342.00 per month in child support, and that he was in arrears for $19,549.91 as of July 31, 2007. It further asserted that Father was able-bodied, capable of pursuing employment, and capable of making the required payments; because he failed to do so, he should be found in contempt of the court's orders. The petition also sought an increase in Father's child support obligation, asserting that there was a significant variance between the amount of child support Father would be required to pay under the Child Support Guidelines and the amount of support Father had been ordered to pay.

A hearing on the Maximus petition was held on September 27, 2007. During the hearing, both Father and Mother testified that, at some point, they entered into a private agreement under which the parties' child would spend one year with Mother and one year with Father. Their private agreement was not submitted to or approved by the court at the time it was made. A child support worksheet was entered into evidence; it reflected the parties' private agreement to allocate equal

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Section 71-3-124 provides:

The [Department of Human Services] or any entity, public or private, that contracts with the department to . . . modify or enforce child or spousal support pursuant to the provisions of Title IV-D of the Social Security Act shall have authority and standing to file any legal actions to . . . modify or enforce child or spousal support in any judicial or administrative proceeding on behalf of the department and the state for persons who have assigned rights of support to the department pursuant to this section, or who have otherwise applied for child or spousal support services pursuant to the provisions of subdivision (c)(1) or Title IV-D of the Social Security Act.

T.C.A. § 71-3-124(c)(2) (2004).

parenting time to both parents, and based on that premise indicated that Father would have a monthly child support obligation of $78.00. Mother testified, however, that Father had been paying more than $78.00 per month to her directly. Based on this evidence, the trial court reduced Father's child support obligation to zero.

As to Father's past-due child support, both Father and Mother testified that Father had paid directly to Mother all but $12,000 of the arrearage. The trial court credited Father with the amounts paid directly to Mother, and ordered the remainder reduced to judgment, liquidated, and paid off at the rate of $100 per month, with each installment to be paid through DHS. Pursuant to Tennessee Code Annotated § 71-3-124, Mother assigned $8,810.83 of the remaining $12,000 arrearage to the State of Tennessee. The request that Father be held in contempt was dismissed. From this order, the State appeals.

On appeal, the State raises two issues. It asserts that the trial court erred by crediting Father for child support payments made directly to Mother, and by declining to order Father to pay the full amount of the arrearage. Our review of the trial court's factual findings on the modification of child support is *de novo* on the record with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); ***Dwight v. Dwight***, 936 S.W.2d 945, 947-48 (Tenn. Ct. App. 1996). We review legal conclusions *de novo* with no presumption of correctness. ***Campbell v. Fla. Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996).

We first address whether the trial court erred in reducing Father's child support obligation to zero based on testimony that he was making child support payments directly to Mother. Tennessee Code Annotated §§ 36-5-101 through 36-5-3111 govern the establishment and modification of alimony and child support obligations. In general, the trial court has discretion over the manner in which child support payments are to be made. ***See*** T.C.A. § 36-5-101(c)(2)(A) (2005 & Supp. 2007). It can order the payments to be made directly to the obligee spouse or via the clerk of the court. ***Id.***

There are limits, however, to the trial court's discretion. In cases within the ambit of Title IV-D,[3] Tennessee Code Annotated § 36-5-101 abrogates this discretion. In a Title IV-D case, the court ordering payment of child support *must* order payments to be made through the Department of Human Services ("DHS"). The statute provides:

> No agreement by the parties . . . or order of the court . . . shall alter the requirements
> for payment to the central collection and disbursement unit as required by § 36-5-
> 116, and any provision of any . . . agreement or court order providing for any other

---

[3] For a valuable discussion of child support proceedings as related to Title IV-D of the Social Security Act, *see Baker v. State ex rel. Baker*, No. 01A01-9509-CV-00428, 1997 WL 749452, at *2-4 (Tenn. Ct. App. Dec. 5, 1997). *See also* Social Security Act §§ 403, 408(a)(3)(A), 454(5), 42 U.S.C.A. §§ 603, 608(a)(3)(A), 654(5) (West, Westlaw through 2008 session ).

payment procedure contrary to the requirements of § 36-5-116, . . . whether or not approved by the court, *shall be void and of no effect.*[4]

*Id.* § 36-5-101(c)(2)(A)(ii) (emphasis added). Furthermore, "[n]o credit shall be given by the court, the court clerk or the department of human services, for child support payments" made in a manner not consonant with that requirement. ***Id.***

In addition, retroactive modification of an obligor's child support obligation is prohibited by Tennessee Code Annotated § 36-5-101(f)(1).[5] ***See Rutledge v. Barrett***, 802 S.W.2d 604 (Tenn. 1991). Generally, credit may not be given to the obligor parent for child support payments that are not made in accordance with the child support order because, among other reasons, the court's crediting of such payments could be viewed as retroactively modifying the original order. ***See Smith v. Smith***, 255 S.W.3d 77, 83 (Tenn. Ct. App. 2007) (citing Alice Wright Cain, Annotation, *Right to Credit on Child-Support Arrearages for Money Given Directly to Child*, 119 A.L.R. 5th 445 (2004)). Such modification is prohibited in Tennessee and many other jurisdictions. ***See id.***

The record on appeal does not include the order from the December 8, 2005 hearing in which Father was found to be in arrears $19,115.68. We note that the 2005 hearing was apparently not a Title IV-D proceeding, and we do not know whether Father was required under that order to make his child support payments and arrearage payments through DHS or directly to Mother.

By 2007, however, when the petition was filed by the State in the trial court below, the proceedings were clearly within the ambit of Title IV-D. At that point, the trial court's discretion was limited under the statutes noted above. The parents testified that Father had made payments on his child support arrearage to Mother directly. The trial court credited Father with these payments, in contravention of the above statutes. In addition, despite receiving a child support worksheet indicating that Father's child support obligation should be $78.00 per month, after hearing testimony from Mother that Father was paying her that amount directly, the trial court set Father's court-ordered child support at zero. This, likewise, was in contravention of the above statutes. Therefore, the trial court's order must be reversed insofar as it violates the clear statutory directives.

The trial court's order is affirmed insofar as it requires Father to make payments on his arrearage to the Central Child Support Receipting Unit until the arrearage is paid in full. The order

---

[4]Under Tennessee Code Annotated § 36-5-116, the Tennessee Department of Human Services was established as the "central collection and disbursement unit." T.C.A. § 36-5-116(a)(1) (2005).

[5]Section 36-5-101(f)(1) states, in part:

Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state, and shall be entitled to full faith and credit in this state and in any other state. Such judgment *shall not be subject to modification* as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties.

T.C.A. § 36-5-101(f)(1) (2005 & Supp. 2007) (emphasis added).

is reversed insofar as it sets the amount of the arrearage at $12,000, and the cause is remanded for the trial court to enter an order reflecting the arrearage without consideration for payments made directly to Mother, and setting Father's monthly payment on the arrearage at an amount that reflects the higher total outstanding arrearage.  The trial court's order is also reversed insofar as it deviates from the child support guidelines to set Father's monthly obligation at zero.  On remand, the trial court is directed to enter an order setting Father's monthly child support obligation in accordance with the child support guidelines, without regard to any payments made directly to Mother, and requiring that the payment of such monthly child support be made through the above Central Child Support Receipting Unit.

The decision of the trial court is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the Opinion.  Costs on appeal are taxed to the Appellee, Ernest Lott, III, for which execution may issue if necessary.


_____
HOLLY M. KIRBY, JUDGE