IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

DIANE SLAWSON WATTERS,   *

                         *      Shelby Chancery No. D23808-2

    Plaintiff-Appellee,    *

                         *      C.A. No. 02A01-9810-CH-00306

**FILED**

**October 19, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

vs.                         *

                         *

WILLIAM C. WATTERS,    *

                         *

    Defendant-Appellant,   *

                         *

and **GENERAL MILLS, INC**.,   *

                         *

    Defendant.          *

## DISSENTING OPINION

I am unable to join with the majority in concluding that the evidence supports the trial court's finding that the Husband is voluntarily underemployed. I find from the evidence, as did the referee, that the proof supports modification of child support based upon a substantial change of circumstances and modification of alimony based upon the Husband's ability to pay.[1]

First, I am unable to agree with the majority's conclusion that the "Husband voluntarily decided to leave his job." It is undisputed that General Mills closed its regional office in Memphis and the Husband had no role in this closing. Although the Husband was offered a lateral transfer to the Atlanta Office, at the same salary, the new assignment required extended

travel beyond that previously required in the Memphis Office. Specifically, his new duties covered a much larger geographic area and his travel requirements increased from fifty to sixty percent to eighty to ninety percent. Indeed, the Husband did initially accept the transfer and for several months attempted to perform his new duties in Atlanta while continuing to reside in Memphis. However, he testified that he physically could not do his job and maintain the commitments that he had made to his son. It is also undisputed that, in the pursuit of new employment comparable to his previous employment, the Husband sent out over 500 resumes and participated in thirty-five to forty interviews. Additionally, he utilized placement services to assist in his job search. Ultimately he secured a position with an annual salary of $65,000 as opposed to his previous salary of $138,000.

Child support guidelines provide that downward modification of child support is not justified where the obligor is "willfully and voluntarily" underemployed. Tenn. Comp. R. & Reg. 1240-2-4-.02(3) (1994). The label of whether an employee's separation from employment is voluntary or involuntary is often misleading. Under this labeling a cab driver convicted of DUI who is fired by his employer could seek downward modification, based upon involuntary underemployment. Clearly the inquiry should not end upon this determination alone. In the recent supreme court decision, Deborah Lorraine Brooks v. Rickey Lamar Brooks, No. 03S01-9804-CV-00034, (Tenn. at Knoxville, Jun. 1, 1999) (for publication), the court in finding willful and voluntary underemployment observed, "The record supports the implicit findings of the Court of Appeals that Mr. Brooks liquidated his Conoco business . . . to decrease both his income and his child support obligation." Id. at 6. Thus, the focus of modification, based upon a change of employment, should not rest entirely upon the label of "voluntary" or "involuntary" but, rather, upon whether the change was made in good faith as opposed to a "willful"[2] or deliberate desire to be underemployed for purposes of evading court ordered support.[3]

The uncontradicted proof at the referee's hearing established that the Husband faithfully

exercised all court-ordered visitation, requested additional visitation on occasions, which was denied, "attended every football game when he was playing football, soccer games when he's playing soccer . . . participated in school events, parent/teacher events" and has been an active presence in his 15 year old son's life.

Additionally, the record reflects that custody was at issue prior to the parties' divorce. I find from these facts that there was a substantial change in circumstances and that the trial court erred in failing to consider whether the Husband's motive for rejecting the transfer of employment was for the purpose of evading child support. Moreover, I find that relocation to Atlanta and the Husband's increased travel requirements would impede court-ordered visitation and all but eliminate the established bond between parent and child. In sum, I find the facts preponderate against the trial court's finding of voluntary underemployment and the corresponding issue of the Husband's ability to pay alimony.

Accordingly, I would specifically affirm that portion of the referee's finding reducing the Husband's child support obligation from $1,027. 00 per month to $804.00 per month, in accordance with child support guidelines, and reducing the Husband's alimony obligation from $1,900.00 per month to $1,000.00 per month.

Finding portions of the referee's report in error involving the effective date of modification for both child support and alimony and deviation from child support guidelines, I would remand for appropriate determination of these issues consistent with the law.

_____
DAVID G. HAYES, Special Judge