IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 27, 2001 Session

## JEANNE ALICE GABEL v. TODD EDWARD GABEL

**Appeal from the Circuit Court for Sevier County**
**No. 98-52-II      Richard R. Vance, Judge**

**FILED SEPTEMBER 18, 2001**

**No. E2000-02585-COA-R3-CV**

---

The Trial Court entered a default judgment against the defendant in this divorce case even though the defendant had filed an answer within the time frame set forth in Rule 12.01. We conclude that entry of the default judgment was not appropriate when the defendant timely filed an answer, and, therefore, vacate the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal As of Right; Judgment**
**of the Circuit Court Vacated; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Donald K. Vowell and Elizabeth K. Johnson, Knoxville, Tennessee, for the Appellant Todd Edward Gabel.

J. Patrick Stapleton, Sevierville, Tennessee, for the Appellee Jeanne Alice Gabel.

## OPINION

### Background

On January 19, 1998, Jeanne Alice Gabel ("Wife") filed a Complaint seeking a divorce from Todd Edward Gabel ("Husband"). The parties had one minor child at the time the Complaint was filed. On January 29, 1998, Husband filed an Answer to the Complaint, responding

to the various allegations and effectively putting the matters set forth by Wife at issue. In May of 1998, Husband filed a motion to modify his child support payments previously agreed to by the parties and to set reasonable visitation. The next document contained in the record is an Order dated February 12, 1999, which states, in pertinent part, as follows:

> This cause came onto be heard on this the 5th day of February, 1999 by and before the Honorable O. Duane Slone.… The record reflects that the Complaint for Divorce was originally filed by the Plaintiff in January of 1998, that the Defendant was represented by counsel and filed an Answer to said Complaint in January 1998, and that subsequent to that time the attorney for the Plaintiff has been replaced …and the attorney for the Defendant … has withdrawn. The Court further finds that the Defendant has been given notice pursuant to a Motion for Default filed on December 3, 1998, as verified by the Certificate of Service, that a Default Judgment would be taken if he did not file an Answer within thirty (30) days from the date of said Motion. The Court further finds that February 5, is more than sixty (60) days from the date of the original filing of said Motion.

The Trial Court then granted Wife a default judgment for an absolute divorce from Husband on the basis of inappropriate martial conduct. The Trial Court also granted Wife exclusive custody of the minor child and required Husband to seek visitation rights "through appropriate order of the Court." Although Husband was not granted any visitation with his child, he was ordered to pay child support in the amount of $355.00 per month.

On March 9, 1999, Husband filed a motion to set aside the default judgment claiming, among other things, that he never received notice of the hearing as required by Rule 55.01. Husband also pointed out that his Answer had been filed. In Wife's response to the motion to set aside the default judgment, she admitted that "it is possible" that Husband did not receive notice of the hearing and that no such notice was contained in the Trial Court's file. Wife's counsel also stated that he was in the process of several staff changes, "and it is quite possible that, although his file showed those notices had been mailed to the Defendant, that in fact, they may not have been mailed." Notwithstanding these admissions by Wife and her attorney, the Trial Court overruled Husband's motion to set aside the default judgment. The Trial Court stated that there was sufficient information in the file "to satisfy the Court that the Defendant had notice of the Motion for Default Judgment and therefore the Court finds that this Judgment shall not be set aside based on any defect in the record." Husband then filed a motion to amend the judgment, motion to reconsider, and/or motion for new trial. The Trial Court denied these motions as well. Husband appeals. There is no motion for default or any notice setting the motion for default for a hearing contained in the record on appeal.

**Discussion**

A review of findings of fact by a trial court is *de novo* upon the record of the trial court, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Brooks v. Brooks*, 992 S.W.2d 403, 404 (Tenn. 1999). Review of questions of law is *de novo*, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

On appeal, Husband raises four issues: 1) whether the Trial Court erred in granting a default judgment when Husband did not have proper notice; 2) whether the Trial Court erred in granting a default judgment when a timely answer had been filed; 3) whether the Trial Court erred in granting a divorce based on inappropriate martial conduct absent proof from corroborating witnesses as required by statute; and 4) whether the Trial Court erred by making no provision for child visitation when Husband had filed a motion requesting same.

Our resolution of this appeal requires us to address only Husband's second issue. In relevant part, Rule 55.01 of the Tenn. R. Civ P. provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules… judgment by default may be entered …." Rule 12.01 provides that a "defendant shall serve an answer within thirty (30) days after the service of the summons and complaint upon him.…" It is undisputed in this case that Husband filed his Answer within the time limits set forth in Rule 12.01. In order to determine if the Trial Court acted "within the range of permissible alternatives available to it in granting the motion for default judgment, we must examine the prerequisite that the nonmovant failed to defend the lawsuit as provided by the rules." *State of Tennessee v. Looper*, No. M1999-00662-COA-R3-CV, 2000 WL 354404 at *4 (Tenn. Ct. App. Apr. 7, 2000). This generally becomes a question of whether an answer or other allowable defensive pleading was filed within the applicable time limits. *Id.* In discussing the effect of filing a timely answer insofar as Rule 55.01 is concerned, this Court in *Looper* stated:

> We think a timely answer precludes default judgment under the clear language of Tenn. R. Civ. P. 55.01, but that same language clearly authorizes entry of default judgment where no answer has been filed which complies with the time limitations established by the rules.

*Looper*, 2000 WL 354404 at * 6 (relying, in part, on *Tolbert v. Tolbert*, No. 03A01-9406-CV-00230, 1994 WL 705230 *1 at n.1 (Tenn. Ct. App. Dec. 15, 1994)(no Tenn. R. App. P. 11 application filed)(A default judgment is not appropriate when an answer has been timely filed)). *See also Witter v. Nesbit*, 878 S.W.2d 116, 119 (Tenn. Ct. App. 1993)(Although Tenn. R. Civ. P. 55.01 provides for the entry of a default judgment against a party who has failed to plead, this rule should not apply when pleadings are filed on behalf of a defendant pursuant to the Tennessee Uninsured Motorist statute.).

We conclude that the Trial Court committed reversible error when it entered a default judgment against Husband who had filed his Answer within the applicable time frame set forth in Rule 12.01. Because of this the Trial Court's judgment is hereby vacated in its entirety, and, therefore, the remaining issues raised by Husband are pretermitted.

### Conclusion

The judgment of the Trial Court is vacated. This case is remanded to the Trial Court for further proceedings, as necessary, consistent with this Opinion. Costs of the appeal are taxed to the Appellee Jeanne Alice Gabel.

_____
D. MICHAEL SWINEY