IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 20, 2002 Session

## ALFRED P. GARIONIS AND WIFE, FLORENCE GARIONIS, VS. ANDRE PRIDE AND CHARLES M. HOLLAND

**Direct Appeal from the Circuit Court for Shelby County, Tennessee.**
**No. 95821-T.D.  The Honorable Robert L. Childers, Judge**

_____

**No. W2001-01682-COA-R3-CV - Filed April 4, 2002**

_____

The plaintiffs filed a suit for personal injuries arising out of an automobile accident. Through their attorney, they reached a settlement of their claims.  Thereafter, they sought to set aside the settlement upon the grounds that they had not authorized their attorney to accept the defendants' offer.  Following an evidentiary hearing, the trial court found that the plaintiffs had authorized their attorney to settle the case and entered an order enforcing the settlement.  We hold that the findings of the trial court are supported by a preponderance of the evidence and affirm the lower court.

**Tenn.R.App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

WILLIAM B. ACREE, Sp.J., delivered the opinion of the court, in which Frank W. Crawford, P.J., W.S., and Alan E. Highers, J., joined.

Alfred P. Garionis and wife, Florence Garionis, appellants, pro se.

Douglas A. McTyier, Memphis, Tennessee, for the appellee, Charles M. Holland, and Nathan Kellum, Memphis, Tennessee, for the appellee, State Auto Insurance Company.

## OPINION

The plaintiffs appeal the trial court's determination that the parties agreed to a settlement of the plaintiffs' personal injury suit.[1]  They contend that the settlement was not valid because they did not authorize their attorney to accept it.  We hold that the findings of the trial court are supported by a preponderance of the evidence and affirm the lower court.

---

[1]The plaintiff, Alfred Garionis, was injured in the accident and sought damages for personal injuries.  His wife, Florence Garionis, sought damages for loss of consortium.

This suit arises out of an automobile accident involving the plaintiff, Alfred Garionis, and defendants, Andre Pride and Charles M. Holland. Pride was uninsured and, consequently, State Auto Insurance Company, the plaintiffs' uninsured motorist carrier, defended the suit. Eventually, the parties engaged in mediation. The case was not settled at the mediation, but by agreement, the settlement offer was left open for two days. Within that time frame, the plaintiffs, by counsel, accepted the defendants' settlement offer. Thereafter, the plaintiffs refused to finalize the settlement and took the position that they had not authorized their attorney to settle the case. The defendants then filed motions to enforce the settlement which were granted. The plaintiffs discharged their attorney and filed a pro se motion under Rule 60 T.R.C.P. to set aside the order enforcing the settlement. They contended that they did not authorize their attorney to accept the settlement, and that they were not notified of the hearing date of the defendants' motions.

The trial court conducted an evidentiary hearing upon the plaintiffs' motion. The plaintiff, Alfred Garionis, testified at the hearing. His version as to the chain of events was that he told his attorney he was not happy with the defendants' offer of $30,000.00, and that he was declining it. However, before the mediation was concluded, he said he would think about it. After the mediation, the plaintiff talked with his attorney and told him he was inclined to accept the settlement, but that he needed more information. The plaintiff said he was concerned about the amount of money he would receive from the settlement after paying medical and litigation expenses. The plaintiff testified that he talked with his attorney again and told him that he had not agreed to nor would he agree to the settlement. His attorney told him the case had been settled.

Attorney Gene Laurenzi, who had represented the plaintiffs, testified at the hearing. He said that at the mediation Mr. Garionis indicated he was inclined to take the offer but that he wanted to sleep on it. By agreement, the offer was left open until 12:00 Noon on Friday. On Friday morning, Mr. Laurenzi talked with his client, and his client told him that he was tired and wanted to take the offer. The attorney told him that he would immediately notify the other attorneys. After the telephone call, Mr. Laurenzi faxed a letter to defendants' counsel informing them that the plaintiffs accepted their offer. Later, the plaintiffs refused to sign the releases.

At the conclusion of the hearing, the trial court made the following findings:

> "Based on the evidence and the testimony in this case, there is no question in the Court's mind at all about what happened. I believe that Mr. Garionis believes what he told Mr. Laurenzi. I believe and find, based on the testimony in this case that Mr. Garionis simply doesn't remember what he told Mr. Laurenzi, and that's evidenced by what he put in his motion that the conversation - - the telephone conversation took place on the Monday after the mediation when clearly, it took place on Friday after the mediation. And I find that Mr. Garionis told Mr. Laurenzi during the telephone conversation that he was tired and wanted to settle the case. He wanted to take the offer. Mr. Laurenzi, being the good

lawyer that he is, sent the notice to the defense lawyers that the case was settled and that settled it. That settled the case because he had the client's authorization to settle the case. It's unfortunate now that Mr. Garionis has changed his mind after he's had more time to think about it. But that's what the Court finds in this case based on the evidence that I've heard."

Initially, we observe that courts of this state have the authority to enforce valid settlement agreements entered into by parties in litigation. See  Mullins v. Parkey, 874 S.W.2d 12, 13 (Tenn.App. 1992) and Beaman Pontiac Co. v. Gill, No. M1999-00666-COA-R3-CV, 2000 Tenn.App. LEXIS 268 (Tenn.Ct. App., MS, April 28, 2000).  However, an attorney cannot agree to dismiss litigation which permanently bars his client from pursuing his claim without the express authority of the client.  Absar v. Jones, 833 S.W.2d 86, 89 (Tenn.App. 1992).

The issue in this case is a factual issue and is whether the plaintiffs authorized their attorney to settle the case.  This is a nonjury case, and we review  the findings of fact by the trial court de novo upon the record accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn.R.App.P. 13 (d); Rooks v. Rooks, 992 S.W.2d 403, 404, (Tenn.1999).

The trial judge heard the testimony of the plaintiff, Mr. Garionis, and his former attorney, Mr.  Laurenzi, and found that Mr. Garionis told his attorney to settle the case.  We find no evidence in the record to support a conclusion to the contrary.  Accordingly, we hold that the trial judge's findings of fact are supported by a preponderance of the evidence.

For these reasons, the decision of the trial court is affirmed, and the cause is remanded for further proceedings consistent with this opinion.  The costs of this appeal are taxed against the plaintiffs for which execution may issue if necessary.

_____
WILLIAM B. ACREE, JR., SPECIAL JUDGE

3