IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 16, 2002 Session


EDDIE LaMARTIN FRITZ v.
WANDA LORRAINE WILLIAMS FRITZ


**Appeal from the Chancery Court for Sullivan County**
**No. 30725(M)    John McLellan, Judge**


**FILED MAY 13, 2002**


**No. E2001-00145-COA-R3-CV**


Eddie LaMartin Fritz ("Husband") filed for divorce alleging inappropriate marital conduct or, in the alternative, irreconcilable differences. Wanda Lorraine Williams Fritz ("Wife") counter-claimed seeking a divorce on the same grounds. The parties eventually agreed how to divide most of their personal property and stipulated to grounds for the divorce. Wife had opened two savings accounts into which she claims she placed funds for the college education of her two daughters from a previous marriage. The Trial Court concluded the funds in these accounts were not marital property, and Husband challenges this conclusion on appeal. Husband also challenges the Trial Court's holding that he be responsible for all of the credit card debt accumulated during the marriage. We modify the division of property, and affirm the judgment as modified.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the**
**Chancery Court Affirmed as Modified; Case Remanded**


D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and CHARLES D. SUSANO, JR., J., joined.


Keith A. Hopson and Timothy R. Wilkerson, Kingsport, Tennessee, for the Appellant Eddie LaMartin Fritz.

Gregory W. Francisco, Kingsport, Tennessee, for the Appellee Wanda Lorraine Williams Fritz.

# OPINION

## Background

Husband filed a complaint and Wife filed a counter-complaint wherein each sought a divorce on the basis of inappropriate marital conduct or, alternatively, irreconcilable differences. The parties have no minor children from this marriage. Wife has two daughters from a previous marriage. The parties were married in October of 1993. This was Husband's first marriage and Wife's second. Husband is 37 years old and Wife is 40 years old. Husband filed an affidavit of income and expenses showing net monthly income of $1,078.99 and net monthly expenses of $2,495.60. Wife filed an affidavit of income and expenses showing net monthly income of $2,400.00 and net monthly expenses of $2,252.00. Husband's gross annual income was $27,538.29 in 1996; $31,501.25 in 1997; and $17,456.54 in 1998. Wife's gross annual income was $61,691.81 in 1996; $66,289.97 in 1997; and $71,060.17 in 1998.

Prior to trial, the parties stipulated grounds for divorce and each was awarded a divorce from the other. The parties also agreed on how to divide most of their personal property. There was approximately $48,271.53 of equity in the marital residence, which the Trial Court ordered to be sold with the proceeds divided equally between Husband and Wife. The Trial Court further ordered the parties to divide equally the value of their retirement benefits accumulated during the course of the marriage.

We restate the dispositive issues on appeal as: (1) whether the two bank accounts which Wife claims were for the college education of her daughters from a previous marriage are marital property; and (2) who should be responsible for the credit card debt accumulated during the marriage.

One of the savings accounts in question was in the name of Summer Williams or Wanda Fritz and had a balance of $16,902.55 as of December 10, 1999. The other account was in the name of Chelsey Williams c/o Wanda Fritz and had a balance of $16,498.00 as of December 10, 1999. Husband testified he first learned of the existence of these accounts during discovery. Wife testified she told Husband of the accounts when they were opened, but did not inform him of any additional deposits to the accounts. The initial deposit into each account was $50.00. Wife also claimed an employee at the credit union where the accounts were located called and spoke with Husband about additional information needed for the accounts. Wife testified the accounts were created to help her daughters pursue a college education. Although the children's grandparents contributed an unspecified amount of money to the accounts, Wife admitted she deposited the majority of the funds into the accounts with money she earned while married to Husband. In 2000, Wife withdrew approximately $3,800.00 from the accounts to send one of her daughters to dance school and to enable both of them to produce a music CD. Wife also loaned her father a total of $14,000.00 from the two accounts, with her father signing two promissory notes in return.

The total amount of the credit card debt was $37,265.97. Husband brought approximately $11,330.00 of credit card debt with him into the marriage. Husband claimed a majority of the debt was for home improvements, necessities, and traveling expenses for both Husband and Wife. Husband later acknowledged a large portion of the credit card debt actually was for his computer equipment. Husband claimed Wife knew of this debt and that the credit cards were being used for their travel, etc. Husband also paid $4,629.07 to American Express on Wife's corporate account. Wife was reimbursed these funds by her employer, but Husband claims he was not reimbursed by Wife. Wife claims she reimbursed Husband, and that she paid Husband additional amounts to cover other expenses. The parties acknowledged Husband was responsible for making sure the bills were paid. Husband would tell Wife how much money he needed in order to do this. Wife testified that prior to the marriage, the parties orally agreed not to incur any further credit card debt. Wife claimed to have paid Husband "large amounts of money that she considered to have been her contribution to the payment of her share of marital debt," but denied having any knowledge of the credit card debt. Wife admitted a portion of the credit card debt was incurred while remodeling the parties' home. Vesta Fritz, Husband's mother, testified the credit card bills were mailed to her home. She also testified both Husband and Wife frequently picked up these credit card bills at her house.

The Trial Court concluded the savings accounts were established for the benefit of Wife's two daughters and were "the property of the children and are not marital property to be divided by this Court . . . ." The Trial Court also concluded the "parties had an express agreement that they would not continue to incur debt as had been the practice of the Plaintiff prior to the marriage" and Husband should be solely responsible for same. Husband appeals these two conclusions.

## Discussion

A review of findings of fact by a trial court is *de novo* upon the record of the trial court, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Brooks v. Brooks*, 992 S.W.2d 403, 404 (Tenn. 1999). Review of questions of law is *de novo*, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

With regard to the Trial Court's division of the marital assets, the many factors to be considered by a court in making an equitable distribution of property are set forth in Tenn. Code Ann. § 36-4-121(c), and include, among other things, age, physical and mental health, employability, earning capacity, financial liabilities and needs of the parties, etc. A trial court has wide discretion in dividing the interest of the parties in marital property. *Barnhill v. Barnhill*, 826 S.W.2d 443, 449 (Tenn. Ct. App. 1991). As noted by this Court in *King v. King*, 986 S.W.2d 216, 219 (Tenn. Ct. App. 1998), when dividing marital property:

> The trial court's goal in every divorce case is to divide the parties'
> marital estate in a just and equitable manner. The division of the

estate is not rendered inequitable simply because it is not mathematically equal, *Cohen v. Cohen*, 937 S.W.2d 823, 832 (Tenn. 1996); *Ellis v. Ellis*, 748 S.W.2d 424, 427 (Tenn. 1988), or because each party did not receive a share of every item of marital property. *Brown v. Brown*, 913 S.W.2d [163] at 168. . . . In the final analysis, the justness of a particular division of the marital property and allocation of marital debt depends on its final results. *See Thompson v. Thompson*, 797 S.W.2d 599, 604 (Tenn. App. 1990).

The statute defines marital property as "all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce. . . ." Tenn. Code Ann. §36-4-121(b)(1)(A). A trial court has the authority to apportion marital debt in the same manner it apportions marital assets. *Cutsinger v. Cutsinger*, 917 S.W.2d 238, 243 (Tenn. Ct. App. 1995).

On appeal, Wife argues she deposited the funds into the accounts to create a trust fund for the college education of her two daughters. Husband argues the prerequisites for creating a gift have not been satisfied. Based on the Statement of the Evidence approved by the Trial Court as well as its final Judgment, it is altogether unclear whether the Trial Court concluded that a college education trust had been created, or whether the money was a gift to Wife's two daughters. To the extent the Trial Court concluded a college education trust was created, we believe this conclusion was in error. The undisputed facts demonstrate Wife utilized a portion of the accounts to pay for a dance class for one daughter, and to fund the creation of a musical CD for both daughters. These actions, while beneficial to the daughters, are inconsistent with Wife's claim that a college education trust had been created. In short, Wife withdrew $3,800.00 from these accounts for non-college related activities. The facts preponderate against the conclusion Wife established a trust for the college education of her daughters.

Likewise, we do not believe the funds were gifts to Wife's daughters. The formal requirements of a gift are "the intention by the donor to make a present gift coupled with the delivery of the subject of the gift by which complete dominion and control of the property is surrendered by the donor." *Hansel v. Hansel*, 939 S.W.2d 110, 112 (Tenn. Ct. App. 1996). It is clear from the record Wife maintained complete dominion and control over the funds and, as a result, no gift was established.

The evidence in the record before us preponderates in favor of a finding that the money in both accounts was acquired by Wife during the course of the marriage and was completely under her control as of the date of the filing of the Complaint for Divorce. We conclude the funds in the savings accounts are marital property of the parties, and the Trial Court erred in concluding these funds were the separate property of Wife's two daughters. Having so concluded, we hereby modify the Trial Court's judgment and award to Husband the total sum of $11,283.51 from these

accounts, representing one-third (1/3) of the amount in the accounts as of December 10, 1999. We find this to be an equitable division of these marital assets.

With regard to the credit card debt, Husband testified some of the debt was used for the parties' travel expenses, home remodeling, etc. While Wife does not have knowledge of what a majority of the charges actually were for, this does not negate Husband's testimony that at least some of the debt was incurred for the benefit of both parties. As mentioned above, Wife acknowledges a portion of the debt was incurred while remodeling their home. Wife claims no knowledge of these debts. We do not believe the claimed oral agreement between Husband and Wife prior to the marriage changes the fact that the credit card debt was incurred during the course of the marriage and at least part of the debt was incurred with Wife's knowledge. We hold the credit card debt was a marital debt subject to equitable division between the parties, and the Trial Court's judgment that Husband should be solely responsible for this debt was in error. It is undisputed that approximately $11,333.00 of credit card debt was brought by Husband into the marriage. After considering all relevant factors so as to arrive at an equitable division of this marital debt, including the overall financial liabilities of the parties, we conclude Wife should be responsible for $8,318.98 of the credit card debt, with Husband being responsible for the remainder of this debt. The judgment of the Trial Court, as modified, is affirmed in all other respects.

## Conclusion

The decision of the Trial Court is affirmed as modified. This case is remanded to the Trial Court for further proceedings as necessary, if any, consistent with this opinion. Costs of appeal are taxed equally to the Appellant, Eddie LaMartin Fritz, and his surety, and to the Appellee, Wanda Lorraine Williams Fritz.

_____
D. MICHAEL SWINEY