# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
October 14, 2005 Session

## EDWARD H. TENISON v. THE PENN WARRANTY CORPORATION

**Appeal from the Circuit Court for Lewis County**
**No. 3593     Robert E. Lee Davies, Judge**

---

**No. M2004-02605-COA-R3-CV - Filed November 22, 2005**

---

This appeal involves interpretation of a warranty contract for used cars. Since the contract provided no exclusion for an inaccurate odometer, we affirm the trial court's enforcement of the warranty.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM B. CAIN and FRANK G. CLEMENT, JR., JJ., joined.

Michael L. Weinman, Jackson, Tennessee, for the appellant, Penn Warranty Corporation.

James R. Tomkins, Nashville, Tennessee, for the appellee, Edward H. Tenison.

### MEMORANDUM OPINION[1]

The Penn Warranty Corporation ("Penn") appeals the judgment of the trial court enforcing its warranty contract with Mr. Edward Tenison to cover mechanical defects in a 1983 Mercedes Benz. Penn claims its warranty language excluding coverage on cars with an "inoperative odometer" renders the contract void when a car's odometer had been rolled back without the knowledge of its owner.

The facts are not significantly in dispute. In April of 2003, Mr. Tenison bought a 1983 Mercedes Benz 240D from his son's used car dealership. When Mr. Tenison purchased the car, the

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

odometer showed 71,350 miles. Unbeknownst to Mr. Tenison or his son, the mileage was actually around 250,000. This discrepancy arose because a third party had previously tampered with the odometer and rolled it back.

Penn had an arrangement with Mr. Tenison's son for him to act as its agent to sell warranty contracts on cars sold at his used car dealership. Pursuant to that arrangement, Mr. Tenison's son sold him a warranty issued by Penn acting as its agent. The son testified that before entering into the contract, he called Penn to alert them that he was selling a warranty on a 20 year old car. According to the son, Penn expressed no objection to the transaction.

During the warranty period, the car needed covered repairs totaling $9,522.18. Penn denied coverage based upon the tampered odometer claiming it was an "inoperative odometer" and was thus expressly excluded by the terms of the warranty contract. Mr. Tenison filed suit in General Sessions Court which found that Mr. Tenison was entitled to recover on the warranty on January 15, 2004. Penn then appealed to Circuit Court. Mr. Tenison filed an Amended Complaint on May 6, 2004, seeking to recover damages under the warranty contract and attorney's fees under the Magnuson Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("Magnuson Moss"). After a hearing, the trial court found Mr. Tenison was not aware of the odometer problem and made no misrepresentations. The court also found that while the contract provided that an "inoperative odometer" would void coverage, an inaccurate odometer was a different issue and did not void coverage. Mr. Tenison was awarded $9,522.18 for his repair costs and $3,700 in attorney's fees under Magnuson Moss.[2]

Penn appealed and argues, alternatively, that its "inoperative odometer" exclusion clearly voided coverage, that the exclusion was ambiguous making the contract void, and, finally, that the exclusion was so ambiguous as to nullify the meeting of the minds of the contracting parties, thus rendering the contract void.

## II. STANDARD OF REVIEW

We review this case *de novo* on the record with a presumption of correctness of the trial court's findings of fact, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Brooks v. Brooks*, 992 S.W.2d 403, 404 (Tenn. 1999). No presumption of correctness attaches to the trial court's decisions regarding questions of law. *Wilson v. Wilson*, 984 S.W.2d 898, 900 (Tenn. 1998), *cert. den.*; *Oakley v. Wilson*, 528 U.S. 822, 120 S.Ct. 68, (1999).

## II. ANALYSIS

We begin by examining the contract language and the meaning of "inoperative odometer." The warranty contract provided that an "inoperative odometer" rendered the contract void. The interpretation of a contract term is generally a question of law since the words are definite and undisputed. *Planters Gin Company v. Federal Compress & Warehouse Company Inc.*, 78 S.W.3d

---

[2]Whether attorneys fees are allowed under Magnuson Moss was not raised on appeal.

885, 889-90 (Tenn. 2002). If the contract language is unambiguous, the "literal meaning of the language controls the outcome of contract disputes." *Planters Gin*, 78 S.W.3d at 890; *Campora v. Ford*, 124 S.W.3d 624, 628 (Tenn. Ct. App. 2003). In construing contracts, the terms should be given their usual, natural and ordinary meanings. *Planters Gin*, 78 S.W.3d at 889-90.

The warranty contract provided it was void if the car has an "inoperative odometer." The phrase is not ambiguous. If the odometer is not working, then it is inoperative. Penn introduced no proof that the Mercedes Benz odometer did not work. Mr. Tenison testified that the odometer seemed to work fine. There is a difference between an inoperable odometer and an inaccurate one. Mr. Tenison could determine if the odometer worked before buying Penn's warranty to determine whether to buy it. If Penn had wanted to void the contract due to an inaccurate or rolled back odometer, it could have done so by inserting language in the contract to that effect. If Penn had excluded coverage based on an inaccurate, altered, or tampered with odometer, then a person buying the warranty would understand that although the odometer works, if it is inaccurate then the warranty contract is void. Penn's exclusion, however, was expressly limited to an inoperative odometer that is easily verifiable by the purchaser of the warranty. Therefore, the risk that the odometer was inaccurate rested with Penn and not Mr. Tenison.

Given that the contract warranty language is clear and unambiguous, we affirm the trial court.[3] Costs of this appeal are taxed to Penn Warranty Corporation for which execution may issue if necessary. The matter is remanded to the trial court for a determination regarding whether Mr. Tenison is entitled to his attorney's fees on appeal under applicable authority and the amount of such fees.

_____
PATRICIA J. COTTRELL, JUDGE

---

[3] Penn also raised as a defense misrepresentation by Mr. Tenison. The trial court heard the witnesses and found no misrepresentation existed. The trial court is in the best position to determine credibility and courts of appeal give great weight to the trial court's assessment. *See Burton v. Warren Farmers* Co-op, 129 S.W.3d 513 (Tenn. Ct. App. 2002); *Bowman v. Bowman*, 836 S.W.2d 563 (Tenn. Ct. App. 1991). Penn raised no evidence in the record that would preponderate against the trial court's finding that Mr. Tenison made no misrepresentations.