IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 1, 2021

## NICOLE LYNN COLVARD v. WAYNE ERIC COLVARD

**Appeal from the Probate Court for Cumberland County**
**No. 2018-PF-6338    Larry Michael Warner, Judge**

_____

**No. E2020-01066-COA-R3-CV**

_____

In this divorce case, Father/Appellant appeals the trial court's decision regarding custody of the parties' minor children. Father contends that the trial court committed reversible error when it interviewed the minor children in camera without a court reporter or attorney present. In the absence of a transcript or a valid Tennessee Rule of Appellate Procedure 24(c) statement of the actual evidence adduced in camera or at the hearing, and in view of the fact that the trial court's order wholly fails to comply with the mandates of Tennessee Rule of Civil Procedure 52.01, we cannot conduct a meaningful review of the trial court's ultimate custody decision. Vacated and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and KRISTI M. DAVIS, J., joined.

Samuel F. Hudson, Dunlap, Tennessee, for the appellant, Wayne Eric Colvard.

Jonathan R. Hamby, Crossville, Tennessee, for the appellee, Nicole Lynn Colvard.

## OPINION

Appellant Wayne Eric Colvard ("Father") and Appellee Nicole Lynn Colvard ("Mother") were married on June 8, 2002. Seven children were born to the marriage. The oldest child was born in March 2003, and the youngest was born in December 2010.

On July 25, 2018, Mother filed a complaint for divorce with a proposed parenting plan, wherein she requested to be named the primary residential parent. On October 4,

2018, Father filed an answer and counter-complaint for divorce. In his proposed parenting plan, Father requested joint custody with equal parenting time.

On December 3, 2018, the trial court entered a temporary custody order, which designated Mother as the primary residential parent and awarded Father parenting time the first three weekends of every month and the fifth weekend of any month with five weekends. Father also received three weeks of visitation during the summer months and various other times during holidays.

On January 30, 2020, the trial court entered an order granting the divorce but reserved ruling on the issues of custody and visitation. Prior to the hearing on custody, the parties agreed that Father would be designated the primary residential parent of the oldest child. On June 26, 2020, the parties entered an agreed order allowing the trial court to conduct an in camera interview with the minor children during the final hearing, which was held on July 1, 2020. On July 15, 2020, the trial court entered its order, wherein it designated Mother the primary residential parent of the parties' six youngest children and reduced Father's visitation to every other weekend. Father was named primary residential parent of the parties' oldest child.

Father appeals and raises three issues for review as stated in his brief:

I. Did the Trial Court err by taking the testimony of the parties' minor children in chambers without either a court reporter or the parties' counsel present during the children's testimony.

II. Did the Trial Court err by taking the testimony of the parties' six (6) youngest minor children at the same time instead of taking each child's testimony separate from the others.

III. Did the Trial Court err when it reduced Appellant's parenting time with Children from the temporary parenting plan the parties had followed for approximately one and one-half (1 & ½) years.

We begin with the issues concerning the trial court's in camera interview with the minor children. As noted above, the trial court entered an agreed order on June 26, 2020, wherein it stated that, "[B]oth parties have agreed to an "in camera" interview of the parties minor children during [the] final hearing." There is no transcript of the July 1, 2019 custody hearing. However, the trial court approved what purports to be a Tennessee Rule of Appellate Procedure 24(c) statement of the evidence. Concerning the in camera interviews, the "statement of the evidence" provides:

1. At the time of the parties' final hearing on July 1, 2020, the parties' oldest minor child . . . who was seventeen (17) at the time of the hearing, was

living exclusively with Appellant.

2. The parties' six (6) youngest minor children[, who were 15, 13, 11, 10, and 9,] were residing primarily with Appellee . . . and the four (4) youngest of those children . . . visited with Appellant three (3) weekends each month, plus the fifth (5th) weekend of any month with five (5) weekends.

3. At the time of the hearing, Appellee had not allowed the older two (2) . . . . of the youngest (6) children, to visit with Appellant for a period of time.

4. On the morning of the final hearing and before hearing the parties' testimony and proof, the Trial Judge interviewed the parties' six (6) minor children altogether at the same time in chambers for approximately ten (10) minutes. Neither the parties, nor their attorneys, nor the court reporter, were present during said interview.

5. After interviewing the youngest six (6) children together, and before hearing the parties' testimony and proof, the Trial Judge then interviewed the parties' oldest child by herself with neither the parties, their counsel nor a court reporter present.

Although approved as a Tennessee Rule of Appellate Procedure 24(c) statement of the evidence, the foregoing is more akin to a statement of the proceedings as it does not specifically indicate the substance of the evidence adduced from the children in chambers. Although Father initially agreed to the in camera interview with the children, *see* June 26, 2020 agreed order, *supra*, he now contends that the trial court's failure to have either a court reporter or the parties' attorneys present during the in camera interview with the children constitutes reversible error. We agree. As explained by this Court:

> The trial court has wide discretion in determining whether it should take the testimony of a minor child, and once this decision has been made the court's discretion will be reviewed only for gross abuse. ***Gilliam v. Gilliam***, 776 S.W.2d 81 (Tenn. [Ct.] App. 1988)[, *perm. app. denied* (Tenn. Sept. 26, 1998) (citation omitted)]. The question then becomes whether it is gross abuse in failing to record an in camera conference with a minor child.
>
> It has long been the rule in Tennessee that a private interview of the court with a minor child is not objectionable where the decision as to custody is based solely or primarily upon evidence heard in open court. ***Hicks v. Hicks***, 26 Tenn. App. 641, 176 S.W.2d 371 (1943). However, prejudice results, and therefore reversible error, where the trial court fails to disclose to the parties what occurred during the interview, which would afford the parties an opportunity to rebut statements made during the private interview, and renders its decision based upon the elicited conversation. ***Hicks***, *supra*; *see also* ***Smith v. Smith***, 425 N.W.2d 854 (Minn. App. 1988), ***Rose v. Rose***, 340 S.E.2d 176 (W.Va.1985) (reversible error where trial court failed to provide court reporter for in camera interview). Hence, the record must

support the trial court's decision without regard to the court's interview of the minor child to avoid prejudice . . . .

*Todd v. Todd*, No. 03A01-9108-CH-284, 1992 WL 55578, *2 (Tenn. Ct. App. March 24, 1992). Concerning whether the record "supports the trial court's decision without regard to the court's interview of the minor child[ren]," the "statement of the evidence" further provides that:

6. After the Trial Judge interviewed the parties' children, both parties then testified under oath and were cross examined by opposing counsel.
7. Other than the Children's interviews, no other witnesses testified during the hearing, and the parties closed their proof after each of them testified.

Again, the "statement of the evidence" is comprised of mere procedure and does not indicate the substance of the parties' testimonies. In other words, there is nothing in the record that would allow this Court to review the actual evidence taken in the trial court proceedings. All we know from the "statement of the evidence" is that the children were interviewed in camera without a court reporter or attorneys, and the parties' testified under oath in open court where they were cross examined. We do not know what the testimony was. The problem with the proof is compounded by the fact that the trial court failed to make sufficient findings in its order concerning the statutory best interest factors. The order states only:

1. The [Appellee] shall continue to serve as the primary residential parent of the parties six (6) youngest children after carefully and fully applying T.C.A. 36-6-106, the Court specifically finds that all of the factors are equal with the exception of T.C.A. 36-6-106(5) and (13) that favor the mother.

As explained in the "statement of the evidence":

8. After considering the parties' sworn testimony and the Children's interviews, the Trial Judge, in open court, applied the statutory factors set forth in T.C.A. 36-6-106 to the proof presented.
9. The Trial Judge expressly found that all but two (2) of said statutory factors favored both parties equally.
10. The Trial Judge specifically found that the following two (2) factors favored Mother:

(5) The degree to which a parent has been the primary caregiver, defined as the parent who has taken the greater responsibility for performing parental responsibilities; and
(13) The reasonable preference of the child if twelve (12) years of age or older.

- 4 -

11. Based on the aforementioned findings, the Trial Judge ordered that Appellant would continue to serve as the primary residential parent of the parties' oldest child, and Appellee would continue to serve as the primary residential parent of the parties' youngest six (6) children.

12. With respect to Appellant's visitation with the youngest six (6) children, the Trial Judge reduced his parenting time to every other weekend despite Appellant having received three (3) and sometimes four (4) weekends per month with Children since a Temporary Order was entered on December 3, 2018.

Because the trial court's order wholly fails to include any application of the specific facts adduced at the hearing to the statutory factors concerning the children's best interests, we cannot review the propriety of the trial court's ultimate custody decision. In *Rutherford v. Rutherford*, this Court addressed a problem with proof similar to the one presented in this case. In vacating the court's custody determination, the *Rutherford* Court explained:

At the conclusion of the evidentiary hearing, the Trial Judge took the then six year old child into his chambers and interviewed her in the absence of the attorneys and the court reporter. . . . Later when he made his findings of fact and ordered a change in custody, he referred to the interview with the child as follows: ["]The Court also interviewed [the child], age 6, who is a pleasant child that appears to be in good health.["]

\*\*\*

[T]he interview, as conducted, constitutes reversible error. . . . We are required to review his findings with a presumption of correctness, unless the evidence preponderates against his findings. [Tenn. Ct. App. P.] 13(d). We simply cannot evaluate the Trial Judge's private interview with the child, i.e., whether the Trial Judge, in weighing the evidence, allowed the interview with the child to be a factor that determined the outcome in this case.

We observed in *Gaskill v. Gaskill*, 936 S.W.2d 626 (Tenn.App.1996):

Custody and visitation determinations often hinge on subtle factors, . . . . Appellate Courts are reluctant to second-guess a trial court's decision. Trial courts must be able to exercise broad discretion in these matters, but they still must base their decisions on proof, and upon the appropriate qualifications of the applicable principles of law. (Citations omitted).

We reemphasize the foregoing, in that the Trial Judge must base her

- 5 -

decisions upon the proof, but in discharging our duties as appellate judges, we must be able to review all of the proof heard and considered by the Trial Judge.

The Trial Judge has discretion to interview children apart from the courtroom setting if he considers it is in the best interest of the child. However, if he elects to follow this procedure, he must examine the child "in the presence of attorneys for each side and in the presence of the court reporter". *Newburger v. Newburger*, 10 Tenn. App. 555, 566 (1930), and in order to have a complete record on appeal, a transcript of such evidence must be filed.

*Rutherford v. Rutherford*, 917 S.W.2d 955, 956-57 (Tenn. Ct. App. 1997), *perm. app. denied* (Tenn. June 29, 1998). The same is true here. From its order, we know that the trial court considered the in camera interviews with the children in reaching its custody determination, i.e., the order specifically states that, "After hearing testimony of the parties, argument of counsel, **in camera interview with the children**, and considering the record as a whole, the Court found . . . " (emphasis added). The problem, however, is that we have no idea what evidence was adduced during the in camera interview. To further complicate the matter, we have no record of the substance of the parties' testimonies such that we might determine whether there was an independent basis (aside from the in camera interviews) to support the trial court's custody decision. Finally, in its order, the trial court fails to analyze the specific proof against the statutory factors. Rather, the trial court merely states that it considered all the factors and found them to weigh equally between the parties with the exception of two, which weighed in Mother's favor. However, the trial court failed to reference any facts or proof to support its conclusion.

In this regard, the trial court's order wholly fails to comply with the mandates of Tennessee Rule of Civil Procedure 52.01, which provides that, "in all actions tried upon the facts without a jury, the court **shall** find the facts specifically and shall state separately its conclusions of law and direct entry of the appropriate judgment." Tenn. R. Civ. P. 52.01 (emphasis added). Because the Court is a "reviewing court," *Jackson v. Smith*, No. W2011-00194-COA-R3-CV, 2011 WL 3963589, at *11 (Tenn. Ct. App. Sept. 9, 2011), a trial court's order must contain enough information "to disclose . . . the steps by which the trial court reached its ultimate conclusion. . . ." *In re Estate of Oakley*, No. M2014-00341-COAR3-CV, 2015 WL 572747, at *11 (Tenn. Ct. App. Feb. 10, 2015) (quoting *Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013)). As this Court has explained:

The underlying rationale for [the Tennessee Rule of Civil Procedure 52.01] mandate is that it facilitates appellate review by "affording a reviewing court a clear understanding of the basis of a trial court's decision," and in the absence of findings of fact and conclusions of law, "this court is left to wonder on what basis the court reached its ultimate decision." *In re Estate of Oakley*, No. M2014-00341-COA-R3-CV, 2015 WL 572747, at *10 (Tenn.

Ct. App. Feb. 10, 2015) (quoting **Lovlace v. Copley**, 418 S.W.3d 1, 35 (Tenn. 2013)). Moreover, findings of fact that are both sufficient and supported by the record "enhance the authority of the trial court's decision by providing an explanation of the court's reasoning." **In re Zaylen R.**, No. M2003-00367-COA-R3-JV, 2005 WL 2384703, at *2 (Tenn. Ct. App. Sept. 27, 2005).

While there is no bright-line test by which to assess the sufficiency of the trial court's factual findings, the general rule is that "the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." **In re Estate of Oakley**, 2015 WL 572747, at *11 (quoting **Lovlace**, 418 S.W.3d at 35). Thus, "[s]imply stating the trial court's decision, without more, does not fulfill [the Rule 52.01] mandate." **Barnes v. Barnes**, No. M2011-01824-COA-R3-CV, 2012 WL 5266382, at *8 (Tenn. Ct. App. Oct. 24, 2012). Conversely, when the trial court does not make specific findings of fact, no presumption of correctness arises because "there was nothing found as a fact which we may presume correct*.*" *Brooks v. Brooks*, 992 S.W.2d 403, 405 (Tenn. 1999).

Because "discretionary decisions must take the applicable law and the relevant facts into account," **Lee Med., Inc.**[ **v. Beecher**], 312 S.W.3d [515,] 524 [(Tenn. 2010)], our deference to a trial court's discretionary decision for which Rule 52.01 compliance is required may abate when the record does not reveal which legal principles and facts the trial court relied upon in making its decision. The effect of the trial judge failing to identify the reasoning underlying a discretionary decision was addressed in a recent decision by this court involving a challenge to a parenting plan:

> [W]e cannot determine whether the trial court applied an incorrect legal standard or relied on reasoning that caused an injustice because we do not know what legal standard the court applied, or what reasoning it employed. *See* **Halliday v. Halliday**, No. M2011-01892-COA-R3-CV, 2012 WL 7170479, at *12 (Tenn. Ct .App. Dec. 6, 2012), *perm. app. denied* (Tenn. Apr. 11, 2013) (explaining that "this Court cannot determine whether the trial court abused its discretion" in the absence of factual findings by the trial court); *see also* **In re Connor S.L.**, No. W2012-00587-COA-R3-JV, 2012 WL 5462839, at *4 (Tenn. Ct. App. Nov. 8, 2012) ("findings of fact are particularly important in cases involving the custody and parenting schedule of children," and without such findings "we are unable to afford appropriate deference to the trial court's decision"). "'Discretionary choices are not left to a court's

inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" ***State v. Lewis***, 235 S.W.3d 136, 141 (Tenn. 2007) (quoting Martha S. Davis, *Standards of Review: Judicial Review of Discretionary Decisionmaking*, 2 J. App. Prac. & Process 47, 58 (2000)). Thus, an abuse of discretion will be found "when the trial court . . . fails to properly consider the factors on that issue given by the higher courts to guide the discretionary determination." ***Id***.

***In re Noah J***., No. W2014-01778-COA-R3-JV, 2015 WL 1332665, at \*5 (Tenn. Ct. App. Mar. 23, 2015), no perm. app. filed.

***Gooding v. Gooding***, 477 S.W.3d 774, 782-83 (Tenn. Ct. App. 2015).

Here, the trial court's order sets out its ultimate conclusion, but provides no information from which this Court can discern the trial court's reasoning. Furthermore, the "statement of the evidence" is of no assistance because, like the trial court's order, it fails to include any of the actual evidence adduced at the hearing or in camera. Therefore, on remand, the trial court is instructed to comply with the mandates of Tennessee Rule of Civil Procedure 52.01 to "find the facts specifically and [] state separately its conclusions of law."

For the foregoing reasons, we vacate the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion, including but not limited to compliance with Tennessee Rule of Civil Procedure 52.01. Costs of the appeal are assessed to the Appellant, Wayne Eric Colvard, for all of which execution may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE
