# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 7, 2016 Session

## JANA MARIA DEBOE HOWARD SISCO v. ROBERT GLYNN HOWARD

**Appeal from the Circuit Court for Montgomery County**
**No. MCCCCVDV102199     Laurence M. McMillan, Jr., Chancellor Sitting By Interchange**

---

### No. M2015-01928-COA-R3-CV – Filed December 12, 2016

---

Jana Maria Deboe Howard Sisco ("Mother") appeals the March 31, 2015 order of the Circuit Court for Montgomery County ("the Trial Court") modifying the Permanent Parenting Plan entered when Mother and Robert Glynn Howard ("Father") divorced. Mother raises issues regarding whether a material change in circumstances justifying a modification had occurred and, if so, whether a modification was in the best interest of the parties' minor children. We find and hold that the March 31, 2015 order fails to comply with Tenn. R. Civ. P. 52.01. We, therefore, vacate the March 31, 2015 order and remand this case to the Trial Court to make specific findings of fact and conclusions of law in compliance with Tenn. R. Civ. P. 52.01.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Debra A. Wall, Clarksville, Tennessee, for the appellant, Jana Marie Deboe Howard Sisco.

Christopher J. Pittman and Zachary L. Talbot, Clarksville, Tennessee, for the appellee, Robert Glynn Howard.

# OPINION

## Background

Mother and Father were divorced in March of 2011. Pursuant to the Permanent Parenting Plan incorporated in the Final Decree of Divorce, Mother was granted 244 days per year with the parties' two minor children ("the Children") with Father having 121 days.

In July of 2014, Father filed a Petition to Modify Parenting Plan alleging, in pertinent part, that there had been a material change in circumstances as a result of several factors including Father's relocation to Kentucky and the parties' alleged failure to adhere to the Permanent Parenting Plan. Father's proposed modifications to the Permanent Parenting Plan would result in Mother having 255 days per year with the Children and Father having 110 days. Mother responded to Father's petition to modify opposing the petition and stating, in part, that "the disputes which have arisen between these parties do warrant a minor revision to the existing Parenting Plan, so as to prevent disputes and unpleasant differences regarding interpretations of the parties' Parenting Plan in the future." Mother attached a proposed parenting plan to her response to Father's petition.

The case was tried without a jury in March of 2015. After trial the Trial Court entered its order on March 31, 2015 stating:

> This cause is before the court upon the Father's Petition to Modify the Parenting Plan entered on March 21, 2011 in connection with the parties' divorce. The parties attended mediation and were able to resolve numerous issues in this case; however, seventeen questions were presented to this court for resolution. Upon the testimony of the parties, the statements of counsel and the record as a whole the court makes the following findings of fact and conclusions of law:
>
> 1. Trial Exhibit 4 identifies each of the seventeen questions presented to this court for resolution.
> 2. Taking each question in numerical order, the court finds that the Mother's proposals should be adopted on the following questions: 1, 2, 9, 10, 11, 13 and 15.
> 3. The courts finds that the Father's proposals should be adopted on the following questions: 3, 4, 5, 6, 7, 14, 15 and 17.

4. With regard to question number 8, the court finds that each party shall be entitled to see each child on their birthday. Should the parties be unable to agree on a time to transfer a child, that time will be 2:00 p.m. on the child's birthday. Should the parties be unable to agree on the part of the day to which each parent will be entitled, the Father will have the oldest child in the morning in even years and the youngest child in the afternoon in even years. This shall rotate annually.

5. With regard to question number 12, the court adopts the Father's proposal, but the transfer time shall be 2:00 p.m. on Christmas Day.

6. The court finds that [sic] foregoing to be in the best interest of the children.

Mother appeals the Trial Court's March 31, 2015 order to this Court.

## Discussion

Although not stated exactly as such, Mother raises two issues on appeal: 1) whether a material change in circumstances had occurred justifying a modification of the Permanent Parenting Plan; and, 2) whether a modification of the Permanent Parenting Plan is in the best interest of the Children.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

Our ability to address the issues raised by Mother is severely hampered by the Trial Court's failure to make specific findings of fact and conclusions of law in its order. As our Supreme Court has instructed:

> Effective July 1, 2009, Tennessee Rule of Civil Procedure 52.01 was amended to require trial courts to make specific findings of facts and conclusions of law in all bench trials:
>
> > In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. . . . If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and

3

conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rules 41.02 and 65.04(6).

Tenn. R. Civ. P. 52.01. Requiring trial courts to make findings of fact and conclusions of law is generally viewed by courts as serving three purposes. 9C Charles A. Wright et al., *Federal Practice and Procedure* § 2571, at 219–223 (3d ed.2005) [hereinafter 9C *Federal Practice and Procedure*]. First, findings and conclusions facilitate appellate review by affording a reviewing court a clear understanding of the basis of a trial court's decision. *See Estate of Bucy v. McElroy*, No. W2012–02317–COA–R3–CV, 2013 WL 1798911, at *3–4 (Tenn. Ct. App. Apr. 26, 2013) (noting that the Rule 52.01 requirement facilitates appellate review); *Hardin v. Hardin*, No. W2012–00273–COA–R3–CV, 2012 WL 6727533, at *5 (Tenn. Ct. App. Dec. 27, 2012) (same); *In re K.H.*, No. W2008–01144–COA–R3–PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009) (recognizing that without findings and conclusions appellate courts are left to wonder about the basis of a trial court's decision); *In re M.E.W.*, No. M2003–01739–COA–R3–PT, 2004 WL 865840, at *19 (Tenn. Ct. App. Apr. 21, 2004) (same); 9C *Federal Practice and Procedure* § 2571, at 219 (recognizing that specific findings by the trial court facilitate appellate review). Second, findings and conclusions also serve "to make definite precisely what is being decided by the case in order to apply the doctrines of estoppel and res judicata in future cases and promote confidence in the trial judge's decision-making." 9C *Federal Practice and Procedure* § 2571, at 221–22. A third function served by the requirement is "to evoke care on the part of the trial judge in ascertaining and applying the facts." *Id.* at 222. Indeed, by clearly expressing the reasons for its decision, the trial court may well decrease the likelihood of an appeal. *Hardin*, 2012 WL 6727533, at *5.

\* \* \*

There is no bright-line test by which to assess the sufficiency of factual findings, but "the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." 9C *Federal Practice and Procedure* § 2579, at 328. Courts need not make findings on stipulated or undisputed facts, unless conflicting inferences can be drawn from undisputed facts. *Id.* at 332–33.

4

* * *

One remedy appellate courts typically apply when a trial court's factual findings fail to satisfy the Rule 52.01 requirement is to remand the case to the trial court with directions to issue sufficient findings and conclusions. *See, e.g., Pandey v. Shrivastava*, No. W2012–00059–COA–R3–CV, 2013 WL 657799, at *5–6 (Tenn. Ct. App. Feb. 22, 2013); Hardin [sic], 2012 WL 6727533, at *5–6; *In re Connor S.L.*, No. W2012–00587–COA–R3–JV, 2012 WL 5462839, at *4–5, *7 (Tenn. Ct. App. Nov. 8, 2012); *Simpson v. Fowler*, No. W2011–02112–COA–R3–CV, 2012 WL 3675321, *4–5 (Tenn. Ct. App. Aug. 28, 2012). Alternatively, an appellate court may choose to remedy the trial court's deficient factual findings by conducting a de novo review of the record to determine where the preponderance of the evidence lies. *See, e.g., Ward v. Ward*, No. M2012–01184–COA–R3–CV, 2013 WL 3198157, at *15 (Tenn. Ct. App. June 20, 2013); *see also Kendrick v. Shoemake*, 90 S.W.3d 566, 570 (Tenn. 2002) (applying de novo review when the trial court's factual findings were insufficient); *Brooks v. Brooks*, 992 S.W.2d 403, 405 (Tenn.1999) (same).

*Lovlace v. Copley*, 418 S.W.3d 1, 34-35 (Tenn. 2013) (footnotes omitted).

Mother argues in her brief on appeal that the record on appeal does not support a finding that a material change in circumstances has occurred. Father, in his brief on appeal, argues that the parties stipulated that a material change in circumstances had occurred. Father bases his assertion, in part, upon Mother's response to Father's petition to modify in which Mother stated: "the disputes which have arisen between these parties do warrant a minor revision to the existing Parenting Plan, so as to prevent disputes and unpleasant differences regarding interpretations of the parties' Parenting Plan in the future." In the alternative, Father argues that he proved a material change in circumstances had occurred.

The Trial Court's March 31, 2015 order does not reflect that the parties stipulated to anything. Nor does it reflect that the Trial Court found that a material change in circumstances had occurred. Instead, the March 31, 2015 order states: "The parties attended mediation and were able to resolve numerous issues in this case; however, seventeen questions were presented to this court for resolution." A review of the record on appeal reveals that the seventeen questions were presented to the Trial Court in the form of a chart detailing the differences between the parties' proposed parenting plans with regard only to specific items including the day-to-day schedule, holidays, transportation, life insurance, and notification to the other parent with regard to medical appointments and the children's extra-curricular activities. None of the "seventeen

questions" addressed whether a material change in circumstances had occurred justifying a change in the parenting plan or whether such a change was in the best interest of the Children.

As this Court explained in *Reeder v. Reeder*:

Trial courts have broad discretion to fashion custody and visitation arrangements that best suit the unique circumstances of each case, and the appellate courts are reluctant to second-guess a trial court's determination regarding custody and visitation. *Parker v. Parker*, 986 S.W.2d 557, 563 (Tenn. 1999); *Nelson v. Nelson*, 66 S.W.3d 896, 901 (Tenn. Ct. App. 2001). Decisions concerning custody and visitation often hinge on subtle factors, such as the parents' demeanor and credibility during the proceedings. *Adelsperger v. Adelsperger*, 970 S.W.2d 482, 485 (Tenn. Ct. App. 1997).

Furthermore, it is not the role of the appellate courts to "tweak [parenting plans] . . . in the hopes of achieving a more reasonable result than the trial court." *Eldridge v. Eldridge*, 42 S.W.3d 82, 88 (Tenn. 2001). Thus, a trial court's decision regarding custody or visitation will be set aside only when it "falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record." *Id.*

* * *

Tennessee Code Annotated § 36–6–101(a)(2)(C) sets forth the standard for modification of a court's prior decree pertaining to a residential parenting schedule:

[T]he petitioner must prove by a preponderance of the evidence a material change of circumstances affecting the child's best interest. A material change of circumstance does not require a showing of a substantial risk of harm to the child. A material change of circumstance for purposes of modification of a residential parenting schedule may include, but is not limited to, significant changes in the needs of the child over time, which may include changes relating to age; . . . failure to adhere to the parenting plan; or other circumstances making a change in the residential parenting time in the best interest of the child.

The threshold issue in every case involving a modification in an existing custody or visitation arrangement is whether a material change in circumstances has occurred. *Kendrick v. Shoemake*, 90 S.W.3d 566, 570 (Tenn. 2002). If a material change in circumstances has occurred, it must then be determined whether modification of the plan is in the best interest of the child. *Id.*

*Reeder v. Reeder*, 375 S.W.3d 268, 278-79 (Tenn. Ct. App. 2012).

The March 31, 2015 order contains no actual findings of fact, and without specific findings of fact, we are left to wonder about the basis upon which the Trial Court based its decision. As this Court has noted: "'[s]imply stating the trial court's decision, without more, does not fulfill [the Rule 52.01] mandate.'" *Gooding v. Gooding*, 477 S.W.3d 774, 782 (Tenn. Ct. App. 2015) (quoting *Barnes v. Barnes*, No. M2011-01824-COA-R3-CV, 2012 WL 5266382, at *8 (Tenn. Ct. App. Oct. 24, 2012)). Here, the March 31, 2015 order did exactly that by simply stating the Trial Court's decision, without more.

Because the March 31, 2015 order fails to comply with Tenn. R. Civ. P. 52.01, we vacate the March 31, 2015 order and remand this case to the Trial Court to make findings of fact and conclusions of law in compliance with Tenn. R. Civ. P. 52.01. Upon remand, the Trial Court shall determine in its discretion whether further hearings and additional proof are necessary or not.

## Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court to make findings of fact and conclusions of law in compliance with Tenn. R. Civ. P. 52.01 as to whether a material change of circumstances has occurred and, if the answer is yes, then whether it is in the best interest of the Children for the Permanent Parenting Plan to be modified. The costs on appeal are assessed one-half against the appellant, Jana Marie Deboe Howard Sisco, and her surety; and one-half against the appellee, Robert Glynn Howard.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

7